UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES COAKLEY and Wife,
ANTONYA COAKLEY                                                                                   PLAINTIFFS

V.                                                                          CIVIL ACTION NO. 3:22-cv-251-TSL-LGI

ARCHIE FRANKLIN COLE, JR. and
HANSEN & ADKINS AUTO TRANSPORT, INC.                                          DEFENDANTS

### NOTICE OF REMOVAL

TO:   John L. Walker, Esq.
      Kevin B. Bass, Esq.
      Gloria J. Green, Esq.
      WALKER GROUP, PC
      1410 Livingston Lane, Suite A
      Post Office Bo 22849
      Jackson, Mississippi 39225

      Zack Wallace, Clerk
      Hinds County Circuit Court
      Post Office Box 327
      Jackson, Mississippi 39205

Archie Franklin Cole, Jr. ("Cole") and Hansen & Adkins Auto Transport, Inc. ("H&A," collectively "Defendants") by and through counsel, file their Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and in support of this removal, Defendants respectfully submit as follows:

1.     Plaintiffs filed their Complaint on or about January 7, 2022, in the First Judicial District of the Circuit Court of Hinds County, Mississippi. The Complaint was docketed in that court as *James Coakley and Wife, Antonya Coakley v. Archie Franklin Cole, Jr. and Hansen & Adkins Auto Transport, Inc.,* Cause No. 22-13. *Exhibit A – Complaint.*

1

2. The Plaintiffs' complaint is of a civil nature at law brought by the Plaintiffs which seeks to recover damages alleged to have been suffered as a result of the Defendants' negligence. *See Exhibit "A," Complaint*, at ¶ 6.

3. Plaintiffs, James Coakley and Antonya Coakley (collectively "Plaintiffs"), are, according to the allegations of the complaint, each and adult resident citizen of Mississippi. See Complaint, ¶¶ 1(a)-(b).

4. Defendant Cole is an adult resident citizen of the state of Alabama. *See Exhibit "B," Cole's Answer*, at ¶ 4.

5. Defendant H&A is a foreign corporation organized in the state of Nebraska, and with its principal place of business located in California. *See Exhibit "C," H&A Answer*, at ¶ 4.

6. According to the allegations of the Complaint, this controversy is wholly between Plaintiffs, citizens of Mississippi, and Defendants, citizens of California and Alabama. There is complete diversity of citizenship between the Plaintiffs and the Defendants.

7. The Plaintiffs' Complaint seeks damages arising out of a January 9, 2019 accident which allegedly resulted in injuries to Plaintiffs. In the complaint, Plaintiffs request punitive damages from the Defendants for both Plaintiffs individually. *Ex. A*, at ¶ 16.

8. Federal courts in Mississippi "have consistently held that a claim for an unspecified amount of punitive damages is deemed to exceed the federal jurisdictional minimum." *Sun Life. Assur. Co. of Canada (U.S.) v. Fairley,* 485 F. Supp. 2d 731, 735 (S.D. Miss. 2007) (citing *Brasell v. Unumprovident Corp.,* 2001 WL 1530342, at *1 (N.D. Miss. 2001) (collecting cases)).

9. Due to the nature of the Plaintiffs' Complaint and considering Plaintiffs' claims "for both compensatory and punitive damages, it is facially apparent that the amount in controversy

is greater than $75,000.00." *Golden v. Fam. Dollar Stores of Mississippi, Inc.,* 2022 WL 1046378, at *2 (S.D. Miss. Apr. 7, 2022).

10. "[I]n suits involving multiple plaintiffs seeking punitive damages under Mississippi law, the court is required to aggregate the plaintiffs' claims for punitive damages in determining the amount in controversy." *Thomas v. NBC Universal, Inc.,* 694 F. Supp. 2d 564, 567 (S.D. Miss. 2010) (citing *Allen v. R & H Oil & Gas.,* 63 F.3d 1326, 1330 (5th Cir. 1995)). Therefore, the amount in controversy requirement is satisfied for both Plaintiffs and their individual claims, rendering removal under 28 U.S.C. § 1332 proper.

11. Moreover, Plaintiffs explicitly seek damages for pain and suffering and emotional distress in their Complaint. *Ex. A*, at ¶ 16. Mississippi district courts have held "it is undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." *Anderson v. Wells Fargo Bank*, 2015 WL 4775356 (S.D. Miss. August 13, 2015) (quoting, *Holmes v. Citifinancial Mortg. Co.*, at 832).

12. Additionally and/or alternatively, Plaintiff James Coakley further pleads $125,000.00 in past and future medical expenses. *Ex. A*, at ¶ 14. This means it is facially apparent that James Coakley's claims independently satisfy the amount in controversy requirements of 28 U.S.C. § 1332. Plaintiff Antonya Coakley's claims are for damages arising from an alleged loss of consortium. *Ex. A*, at ¶ 15. Antonya Coakley's loss of consortium claim is "derivative" of James Coakley's claim for injuries. *Dillon v. PiCo, Inc.,* 239 So. 3d 527, 535 (Miss. Ct. App. 2017). Therefore, because Antonya Coakley's claims "derive from a common nucleus of operative fact," jurisdiction is proper over her claims through supplemental jurisdiction under 28 U.S.C. § 1367.

13. In order to show that the jurisdictional amount has not been met, the Plaintiffs must

show with legal certainty that the recovery will not exceed the amount stated in the complaint. *De Aguilar v. Boeing Co.,* 47 F.3d at 1410 (5th Cir.1995). Then, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S.283, at 289).

14. Therefore, pursuant to the provisions of 28 U.S.C. §1441 et seq., this civil action is removable by the Defendants.

15. H&A was served in this matter on April 29, 2022, and timely filed an answer on May 10, 2022. Cole has not been served but waived service of process by filing an Answer on the same date. Therefore, removable is timely in this matter as it is filed within 30 days of the last-served defendant receiving process under 28 U.S.C. § 1446.

16. Both named Defendants, Archie Franklin Cole, Jr. and Hansen & Adkins Auto Transport, Inc. consent to the removal of this matter.

17. By filing this Notice of Removal, Defendants give notice to Plaintiffs and the clerk of the Circuit Court of Hinds County, Mississippi, together with the exhibits thereto, all in compliance with Title 28 U.S.C. 1446(d).

THIS the 10th day of May, 2022.

    Respectfully submitted,

    ARCHIE FRANKLIN COLE, JR. and
    HANSEN & ADKINS AUTO TRANSPORT, INC.

    By Their Attorneys,

    DunbarMonroe, PLLC

    */s/ David C. Dunbar*
    David C. Dunbar
    Christopher G. Dunnells

OF COUNSEL:

David C. Dunbar (MSB #6227)
Christopher G. Dunnells (MSB #105029)
DunbarMonroe, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS  39157
(601)898-2073 Office
(601)898-2074 Facsimile
Email:  dcdunbar@dunbarmonroe.com
            cdunnells@dunbarmonroe.com


## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have this day filed the Notice of Removal with the Court's electronic case filing system and that upon the filing of the Notice, I have served a true and correct copy of same to:

> John L. Walker, Esq.
> Kevin B. Bass, Esq.
> Gloria J. Green, Esq.
> WALKER GROUP, PC
> 1410 Livingston Lane, Suite A
> Post Office Box 22849
> Jackson, Mississippi 39225
> *Attorneys for Plaintiffs*
>
> Zack Wallace, Clerk
> Hinds County Circuit Court
> Post Office Box 327
> Jackson, Mississippi 39205

THIS the 10th day of May, 2022.

                                        *s/David C. Dunbar*
                                        David C. Dunbar
                                        Christopher G. Dunnells