IN THE CIRCUIT COURT OF FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAMES COAKLEY AND WIFE,
ANTONYA COAKLEY                                          PLAINTIFFS

VS.                                                      CAUSE NO. 22-13

ARCHIE FRANKLIN COLE, JR. AND
HANSEN & ADKINS AUTO TRANSPORT, INC.                     DEFENDANTS

## COMPLAINT

### TRIAL BY JURY REQUESTED

COMES NOW Plaintiff, James Coakley and Mrs. Antonya Coakley, wife, by and through their attorneys, and files this Complaint against Defendants Hansen & Adkins Auto Transport, Inc. ("Hansen & Adkins"), and Archie Franklin Cole, Jr. ("Cole"). In support, Plaintiffs show the following:

1. (a) Plaintiff James Coakley ("J. Coakley") is an adult resident citizen of Mississippi.

    (b) Plaintiff Mrs. Antonya Coakley ("A. Coakley") is an adult resident citizen of Mississippi.

    (c) Defendant Archie Franklin Cole, Jr. ("Cole") is and was at all times relevant herein, an adult resident citizen of the United States and may be served with process pursuant to Rule 4(c)(5) M.R.Civ.P at 19 Big Dipper Lane, Palm Coast, Florida 32137.



(d) Defendant Hansen & Adkins is a business entity located at 3552 Green Avenue, Suite 201 Los Alamitos, California 90720. It may be served with process by one of the following methods:

i. pursuant to Rule 4(c)(5) M.R.Civ.P by serving its agent for service of process, Corporation Service Company which will do business in California AS CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

ii. by serving the following MS Agent of Truck Process Agents of America, Hansen & Adkins's Blanket Co. Agent for Process, Robert C. Lee 6055 Highway 18 West, Jackson, MS 39209

iii. pursuant to Sec 79-36-13 of Miss Code of 1972 (2021 Supp) by serving the MS Secretary of State.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of this matter pursuant to Miss. Code Ann. §9-7-81 as the amount in controversy exceeds two hundred dollars ($200.00), exclusive of interests and costs.

3. Venue is proper in the Circuit Court of the First Judicial District of Hinds County, Mississippi, as the collision of the 18 wheeler driven by Defendant Cole into the rear of the vehicle driven by Plaintiff J. Coakley occurred in Hinds County, Mississippi.

## FACTS

4. On January 9, 2019, Plaintiff J. Coakley was driving his vehicle eastbound on Interstate 20 East in the right lane of traffic. Defendant Cole was the driver of a 2016 Fleet Freight 18 wheeler tractor/trailer owned/leased by Defendant Hansen and Adkins. In the course and scope of employment with Defendant Hansen & Adkins, Defendant Cole was traveling eastbound on Interstate 20 East in the right lane of traffic, traveling at a high rate of speed behind Plaintiff J. Coakley. As Plaintiff J. Coakley slowed his vehicle down because of the collision ahead of Plaintiff J. Coakley, the 18 wheeler driven by Defendant Cole suddenly and violently, without warning or notice, collided with great force into the vehicle that Plaintiff J. Coakley was driving lawfully and prudently. As a result of the 18 wheeler driven by Defendant Cole crashing violently into the rear of the vehicle driven by Plaintiff J. Coakley, the vehicle Plaintiff J. Coakley was driving was propelled forward at a high rate and propelled onto, across, and entirely off the south shoulder of Interstate 20 East into a ditch. Because of the collision, the airbag in the vehicle Plaintiff J. Coakley was driving deployed and violently impacted the body of Plaintiff J. Coakley.

5. As a result of Defendant Cole grossly negligently and recklessly operating and handling the 18 wheeler that he was driving in the manner described above, a collision occurred between the 18 wheeler that Defendant Cole was driving and the automobile driven by Plaintiff J. Coakley, which proximately caused Plaintiff J. Coakley to receive severe, painful, and permanent injuries and resulting damages and losses as more fully described below.

## UNLAWFUL, RECKLESS, GROSSLY NEGLIGENT, AND/OR NEGLIGENT ACTS AND/OR OMISSIONS OF DEFENDANT COLE

6. Defendant Cole, at all times relevant herein, had the duty to operate the 18 wheeler driven by him with reasonable care and reasonable prudence and comply with the motor vehicle statutes of Mississippi and the Rules of the Road. Those duties included but were not limited to:

   (a) Act in accordance with and strictly abide by the provisions of the Federal Motor Carrier Safety Regulations ("FMCSR") (49 CFR Parts 383 to 399) when operating an 18 wheeler on the public highways of the United States.

   (b) Keeping a proper lookout;

   (c) Keeping the 18 wheeler driven by him under free and easy control;

   (d) Drive safely and carefully;

   (e) Operate the 18 wheeler driven by him reasonably and prudently;

   (f) Drive the 18 wheeler driven by him at an appropriate speed for the existing circumstances;

   (g) Keep a proper distance behind the vehicle directly in front; and

   (h) Obey the traffic laws of the city of Clinton, Mississippi and the State of Mississippi, and the Rules of the Road.

7. Defendant Cole at all times relevant herein breached his duties set forth in the immediately preceding paragraph before and during the above-described

collision herein because Defendant Cole committed reckless, grossly negligent, and/or negligent acts and omissions that include but are not limited to the following:

(a) Failing to keep a proper lookout;

(b) Failing to keep the 18 wheeler driven by him under free and easy control;

(c) Driving recklessly;

(d) Driving faster than the appropriate speed for the circumstances;

(e) Failing to keep the proper distance behind the vehicle directly in front.

(f) Failing to operate the 18 wheeler driven by him in accordance with and strict compliance with various sections of the FMCSR (49 CFR Parts 383 to 399).

8. The above-described collision and the painful, severe, and permanent injuries of Plaintiff J. Coakley and the resulting losses and damages sustained by Plaintiff J. Coakley, as described hereinafter, were proximately caused by the intentional, willful, unlawful, wanton, reckless, grossly negligent and/or negligent acts and/or omissions of Defendant Cole.

## VICARIOUS LIABILITY OF DEFENDANT HANSEN AND ADKINS FOR THE UNLAWFUL, RECKLESS, GROSSLY NEGLIGENT, AND/OR NEGLIGENT ACTS AND OMISSIONS OF DEFENDANT COLE

9. At all times relevant, Defendant Cole was an employee, agent, servant, and/or representative of Defendant HANSEN AND ADKINS, and acting in the furtherance of the business of Defendant HANSEN AND ADKINS, and within the

scope of his employment and/or agency. As a result, Defendants HANSEN AND ADKINS is vicariously liable for the above described unlawful, reckless, grossly negligent, and/or negligent acts and/or omissions of Defendant Cole.

## CORPORATE GROSSLY NEGLIGENT AND RECKLESS ACTS AND/OR OMISSIONS OF DEFENDANT HANSEN AND ADKINS

10. Defendants HANSEN AND ADKINS, at all times relevant herein, had the duty to exercise reasonable care and reasonable prudence; and comply with Federal and State Statutes and Regulations, including, but not limited to, the FMCSR (49 CFR Parts 383 to 399) and the industry standards of an employer that has employees who operate 18 wheelers throughout the United States on the public highways by performing actions, including but not limited to the following:

(a) Employing employees who are safe drivers;

(b) Screening and investigating applicants for driving positions to only employ reasonably prudent and reasonably careful drivers;

(c) Providing reasonably prudent and reasonably safe initial and remedial training of employees who operate vehicles on the public highways in accordance with industry standards and federal and state statutes and regulations, including but not limited to FMCSR (49 CFR Parts 383 to 399);

(d) Developing, implementing, and enforcing reasonably prudent and reasonably safe driving safety program and procedures, including but not limited to driver screening, driver training, and driver

    management programs and policies in accordance with industry standards;

(e) Providing reasonably prudent and reasonably safe supervision and management of employees who drive vehicles on the public highways in accordance with industry standards and federal and state statutes and regulations including the FMCSR (49 CFR Parts 383 to 399);

(f) Abiding by all applicable federal and state statutes and regulations including, but not limited to, the FMCSR (49 CFR Parts 383 to 399) and industry standards as to the operation of owned or operated by Defendant HANSEN AND ADKINS; and

(g) Not entrusting an 18 wheeler owned or operated by Defendant HANSEN AND ADKINS to an employee who is not a safe, lawful driver.

11. Defendant HANSEN AND ADKINS, at all times relevant herein, breached its duties set forth in the immediately preceding paragraph before and during the above-described collision herein because Defendants HANSEN AND ADKINS committed corporate grossly negligent, unlawful, reckless, and/or negligent acts and/or omissions that include but are not limited to the following:

(a) Failing to perform a complete and thorough background investigation of Defendant Cole before employing him;

(b) Failing to initially properly screen and investigate Cole before employing him;

(c) Failing to properly train Cole initially before allowing Cole to operate an 18 wheeler;

(d) Failing to periodically and properly train Cole after initially employing him.

(e) Failing to develop, implement and/or enforce reasonable and prudent safety programs and procedures, including but not limited to driver screening; driver training and driver management programs and policies;

(f) Failing to supervise and manage Cole;

(g) Failing to abide by and strictly comply with all Federal and State Statutes and Regulations, including but not limited to the FMCSR (49 CFR Parts 383 to 399).

12. Said above-identified unlawful, reckless, grossly negligent, and/or negligent acts and/or omissions of Defendant HANSEN AND ADKINS were proximate causes of the above January 9, 2019, collision and the resulting painful, serious, and permanent injuries sustained by Plaintiff J. Coakley and the resulting losses and damages as described hereinafter.

## DAMAGES AND LOSSES

13. As a direct and proximate result of the reckless, grossly negligent, and/or negligent acts and omissions of Defendant HANSEN AND ADKINS, Plaintiff J. Coakley suffered injuries and damages including but not limited to the following:

(a) Serious, grievous, painful, and permanent injuries to his back;

(b) Serious, grievous, painful, and permanent injuries to his shoulder;

(c) Serious, grievous, painful, and permanent injuries to his wrist;

(d) Past and future doctor, prescription, and medical bills;

(e) Past and future extreme mental anguish;

(f) Past and future extreme suffering;

(g) Past and future loss of enjoyment of life, since he is unable to engage in, perform as proficiently, and/or enjoy as much, many activities, pastimes, and/or hobbies in which he engaged, performed proficiently, and/or enjoyed before the collision described above;

(h) Past and future extreme pain;

(i) Past and future loss of sleep;

(j) Past and future nursing services;

(k) Past and future transportation expenses to secure medical treatment.

(l) Past and future inconvenience

(m) Past and future physical impairment

(n) Past and future humiliation

   (o) Past and future embarrassment

14. As a direct and proximate result of the above described reckless, grossly negligent, and/or negligent acts and/or omissions conduct of defendants that caused the painful, serious, and permanent injuries to Plaintiff J. Coakley. Plaintiff J. Coakley has been required to spend in the past and will be required to spend in the future, for the necessary medical treatment, to attempt to recover as much as possible, he will spend at least $125,000.00, the actual amount to be shown at the trial in this matter; all of Plaintiff's losses and damages are in an amount to be determined by the Jury at the trial of this case.

## CONSORTIUM CLAIM OF A. COAKLEY

15. Plaintiff A. Coakley, at all times relevant, was and is married to and living with her husband, Plaintiff J. Coakley. As a result of the injuries received by Plaintiff J. Coakley, there has been and will be in the future an impairment of the marital relationship between the Plaintiffs and the ability of Plaintiff J. Coakley to perform or perform as well numerous activities for or on her behalf. Therefore, Plaintiff A. Coakley has been/will be deprived of the intangibles of her marriage, including, but not limited to, past and future love, society, companionship, support, status, joy, inspiration, motivation, counseling, knowledge, instruction, and services which were afforded to Plaintiff A. Coakley by her husband Plaintiff J. Coakley before the collision described hereinabove.

## PUNITIVE DAMAGES LIABILITY OF DEFENDANTS

16. The aforesaid acts and/or omissions of Defendants constitute grossly negligent, reckless conduct and wanton disregard for the rights of Plaintiff J. Coakley and other members of the public using the highways and roads of Mississippi and/or constitute such gross negligence and recklessness as to show a total lack of regard as to the rights of Plaintiff J. Coakley and other members of the public utilizing the highways and roads of Mississippi which entitles Plaintiffs to recover punitive and exemplary damages against Defendants which Plaintiff J. Coakley requests to be awarded against said Defendants by the Jury in the amount as shown by the evidence herein.

WHEREFORE, Plaintiffs J. Coakley and A. Coakley bring this action and demand judgment of and from the following Defendants as follows:

Plaintiff James Coakley

(A) Defendant Archie Franklin Cole, Jr. in the following respects:

    (1) Compensatory damages in an amount to be determined by the Jury at the trial of this case;

    (2) Punitive damages in an amount to be determined by the Jury at the trial of this case;

    (3) Prejudgment interest on the above amounts from January 9, 2019, or such other date that the Court finds appropriate;

    (4) Attorney's Fees; and

    (5) Cost of this action.

(B) Defendant HANSEN AND ADKINS in the following respects:

(1) Compensatory damages in an amount to be determined by the Jury at the trial of this case;

(2) Punitive damages in an amount to be determined by the Jury at the trial of this case;

(3) Prejudgment interest on the above amounts from January 9, 2019, or such other date that the Court finds appropriate;

(4) Attorney's Fees; and

(5) Cost of this action.

Plaintiff Antonya Coakley

(A) Defendant Archie Franklin Cole, Jr. in the following respects:

(1) Compensatory damages in an amount to be determined by the Jury at the trial of this case;

(2) Punitive damages in an amount to be determined by the Jury at the trial of this case;

(3) Prejudgment interest on the above amounts from January 9, 2019, or such other date that the Court finds appropriate;

(4) Attorney's Fees; and

(5) Cost of this action.

(B) Defendant HANSEN AND ADKINS in the following respects:

(1) Compensatory damages in an amount to be determined by the Jury at the trial of this case;

(2) Punitive damages in an amount to be determined by the Jury at the trial of this case;

(3) Prejudgment interest on the above amounts from January 9, 2019, or such other date that the Court finds appropriate;

(4) Attorney's Fees; and

(5) Cost of this action.

RESPECTFULLY SUBMITTED,

JAMES COAKLEY AND MRS. ANTONYA COAKLEY

BY: _____
JOHN L. WALKER (MSB #6883)
KEVIN B. BASS (MSB #103968)
GLORIA J. GREEN (MSB# 4989)
WALKER GROUP, PC
1410 LIVINGSTON LANE, SUITE A
POST OFFICE BOX 22849
JACKSON, MISSISSIPPI 39225-2849
PHONE: (601) 948-4589
FACSIMILE: (601)354-2507

ATTORNEYS FOR PLAINTIFFS