UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION


JAMES COAKLEY AND WIFE

ANTONYA COAKLEY                                      PLAINTIFFS


VS.                      CIVIL ACTION NO. 3:22-cv-00251-TSL-LGI

ARCHIE FRANKLIN COLE, JR. AND

HANSEN & ADKINS AUTO TRANSPORT, INC.             DEFENDANTS


MEMORANDUM OPINION AND ORDER

Plaintiffs James Coakley and Antonya Coakley have brought
the present action seeking damages stemming from an automobile
accident in which a tractor-trailer owned by defendant Hansen &
Adkins Auto Transport, Inc. (H&A), and operated by defendant
Cole in the course and scope of his employment with H&A, crashed
into the rear of the vehicle operated by James Coakley.
Plaintiffs' complaint demands actual and punitive damages from
both defendants based on claims against Cole of negligence and
gross negligence, and against H&A for vicarious liability and
for negligence and/or gross negligence in its hiring, training,
retention, entrustment and supervision of Cole.  The cause is
presently before the court on the motion of defendants, pursuant
to Rule 12(c) of the Federal Rules of Civil Procedure, for
judgment on the pleadings as to plaintiffs' punitive damages

1

claim against Cole and their direct negligence and gross negligence claims against H&A.  Plaintiffs have responded in opposition to the motion, and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be granted.

Pleading Standard

A motion brought under Rule 12(c) is evaluated under the same standard that applies to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  In re Great Lakes Dredge & Dock Co., 624 F.3d 201, 209 (5th Cir. 2010).  "The fundamental question is whether the plaintiff states a claim on which relief may be granted." Morris v. PLIVA, Inc., 713 F.3d 774, 776 (5th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1949, 167 L. Ed. 2d 929 (2007)).[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

[1]    This federal standard applies to plaintiffs' complaint, despite the fact that this case was removed from state court. See Peña v. City of Rio Grande City, 879 F.3d 613, 617 (5th Cir. 2019) (holding that "[u]pon removal the federal pleading standards control.").

2

defendant is liable for the misconduct alleged." Id., 129 S. Ct. 1937.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'— 'that the pleader is entitled to relief.'" Id. at 679, 129 S. Ct. 1937 (quoting Fed. R. Civ. P. 8(a)(2)).  In deciding whether the complaint states a valid claim for relief, the court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." Great Lakes, 624 F.3d at 210.  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 663, 129 S. Ct. 1937 (internal citation omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1949). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id., 127 S. Ct. at 1937 (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1949).

Plaintiffs' Complaint

Plaintiffs' complaint, in its "Facts" section, states that on January 9, 2019, plaintiff James Coakley was driving eastbound on I-20 in the right lane of traffic while Cole,

3

driving an 18-wheeler, was traveling behind him in the right lane "at a high rate of speed."  As Coakely slowed his vehicle down because of a collision ahead of him, "the 18 wheeler driven by defendant Cole suddenly and violently, without warning or notice, collided with great force" into the rear of Coakely's vehicle, propelling the vehicle onto, across and off the south shoulder of I-20 and into a ditch, and causing the airbag to deploy.  The collision occurred, the complaint recites, "[a]s a result of Defendant Cole grossly negligently and recklessly operating and handling the 18 wheeler … in the manner described…."  In the first count, the complaint goes on to list various ways in which Cole was allegedly negligent, namely, by failing to maintain a proper lookout, keep the vehicle under free and easy control, maintain an appropriate speed for the existing circumstances, maintain a safe traveling distance, and comply with unspecified local and state traffic laws and federal motor carrier laws.  It further recites that Cole "committed reckless [and] grossly negligent … acts and omissions" by "[d]riving recklessly" and "[d]riving faster than the appropriate speed for the circumstances."

     The second count charges that H&A is vicariously liable for Cole's negligence, as Cole was operating the 18-wheeler in the course and scope of his employment with H&A at the time of the accident, and they next allege as the third count that H&A is

4

directly liable for its own negligence and/or gross negligence and recklessness in failing to properly screen and/or perform a complete and thorough background investigation of Cole before hiring him; failing to properly train Cole before allowing him to operate an 18 wheeler and/or to periodically train him thereafter; failing to develop, implement and/or enforce reasonable and prudent safety programs and procedures; failing to supervise and manage Cole; and failing to comply with federal and state statutes and regulations, including the Federal Motor Carrier Safety Act, 49 C.F.R. Parts 383 to 399.  Lastly, plaintiffs assert a separate "Punitive Damages Liability of Defendants" count in which they charge that "the aforesaid acts and/or omissions of Defendants constitute grossly negligent, reckless conduct and wanton disregard for the rights of Plaintiff … which entitles Plaintiffs to recover punitive and exemplary damages against Defendants…."

> Punitive Damages:  Cole

Defendants argue that plaintiffs' complaint does not state a viable claim against either of them for punitive damages. Under Mississippi law, which applies in this diversity action,

> Punitive damages may not be awarded if the claimant does not prove by clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud.

Miss. Code. Ann. § 11-1-65(a).  See also Bradfield v. Schwartz,
936 So. 2d 931, 936 (Miss. 2006) ("In order to warrant the
recovery of punitive damages, there must enter into the injury
some element of aggression or some coloring of insult, malice or
gross negligence, evincing ruthless disregard for the rights of
others, so as to take the case out of the ordinary rule.").
Punitive damages are not appropriate in most cases; instead,
they are reserved for the most extreme cases and "allowed only
with caution and within narrow limits."  Steele v. Phillips, No.
1:20cv207-HSO-RHWR, 2021 WL 5762090, at *2 (S.D. Miss. 2021)
(quoting Wallace v. Thornton, 672 So. 2d 724, 728 (Miss. 1996)).

    The Mississippi Supreme Court has defined "[g]ross
negligence," as will support an award of punitive damages, as
"that course of conduct which, under the particular
circumstances, disclosed a reckless indifference to consequences
without the exertion of any substantial effort to avoid them."
Turner v. City of Ruleville, 735 So. 2d 226, 229 (Miss. 1999).
Recklessness, for purposes of automobile law, has been defined
as "[the] voluntary doing by motorist of an improper or wrongful
act, or with knowledge of existing conditions, the voluntary
refraining from doing a proper or prudent act when such act or
failure to act evinces an entire abandonment of any care, and
heedless indifference to results which may follow and the

6

reckless taking of chance of accident happening without intent that any occur....."  Id.

Here, although plaintiffs' complaint repeatedly describes Cole's actions as "grossly negligent and reckless," there are no factual allegations to support these characterizations; plaintiffs' allegations do not plausibly suggest anything more than simple negligence.  "Mississippi state courts are generally resistant to awarding punitive damages in automobile collision cases, especially those that involve 'mere commission of traffic violations.'"  Steele, 2021 WL 5762090, at *2 (quoting Walker v. Smitty's Supply, Inc., No. 5:06cv30-DCB-JMR, 2008 WL 2487793, at *6 (S.D. Miss. May 8, 2008)).  That precisely describes the case presented by plaintiffs' complaint.  In their response to defendants' motion, plaintiffs, after quoting nearly their entire complaint, announce that the allegations "clearly exceed" the applicable pleading standard, but the only factual allegation they specifically argue that "could plausibly support a claim for punitive damages" is their assertion that the 18-wheeler driven by Cole was traveling at an excess speed while approaching the scene of an accident.  This is clearly insufficient to support a claim for punitive damages.  See id. at *2 (stating that "although Defendant was admittedly speeding," and there was no dispute that he was negligent, "no reasonable jury could conclude by clear and convincing evidence

that his conduct rose to the level of 'gross negligence which evidences a willful, wanton or reckless disregard for the safety of others.'"); see also Rasdon v. E 3 Trucking, Inc., No. 3:19CV100-M-P, 2019 WL 4346576, at *2 (N.D. Miss. 2019) (citing Aldridge v. Johnson, 318 So. 2d 870 (Miss. 1975), stating, "If the Mississippi Supreme Court is unwilling to allow a jury to be instructed on punitive damages where the driver caused a wreck by exceeding the speed limit and crossing a double yellow line to travel in the opposite lane in an attempt to pass two vehicles," then allegation that defendant driver was driving at 65 miles per when he rear-ended plaintiffs, who were driving at 20 miles per hour, was not sufficient to state a punitive damages claim); Terrell v. W.S. Trucking, Inc., No. 1:99CV307-D-D, 2001 WL 1593135, at *1 (N.D. Miss. Mar. 6, 2001) (facts that defendant was traveling twenty miles per hour over speed limit when he collided with vehicle in which plaintiff was a passenger would not support claim for punitive damages); Aldridge, 318 So. 2d at 871-873 (proof that collision occurred while defendant was passing two cars over double yellow lines at seventy miles per hour on two-lane highway in the rain after passing sign that read "Slow to 45" did not support award of punitive damages).[2]

---

[2]    The cases cited by plaintiffs are clearly distinguishable. This court in Bass v. Hirschbach Motor Lines, Inc., Civ. No. 3:14CV360TSL-JCG, 2014 WL 5107594 (S.D. Miss. 2014), found allegations that the driver of a tractor-trailer rig "was so

8

Therefore, plaintiffs' claim against Cole for the recovery of punitive damages will be dismissed.

<u>Direct Negligence/Gross Negligence Claims against H&A</u>

H&A seeks dismissal of plaintiffs' claim against it for alleged simple negligence, i.e., for negligent hiring, retention, investigation, training, entrustment and supervision, on the dual bases that (1) their claim is unsupported by factual allegations that are required to satisfy the applicable pleading standard, and (2) the claims are not viable in light of H&A's

---

inattentive at the time of the collision that he not only failed to check for traffic in the outside lane before moving right, but after striking Mrs. Bass's vehicle he pushed it down the interstate an estimated distance of 1/4 mile ... at an estimated speed of 50-55 miles an hour without ever realizing he had struck Mrs. Bass's car." <u>Id.</u> at *1.  In <u>Barnes v. Carpenter</u>, No. 2:14-CV-144-KS-MTP, 2014 WL 6068943 (S.D. Miss. 2014), the court stated that while punitive damages are not appropriate in cases involving the mere commission of traffic violation, they "may be available where a driver/tortfeasor operates his vehicle while under the influence of an intoxicant." <u>Id.</u> at *1.  The court thus found the plaintiff's allegation that the defendant motorist was impaired at the time of the accident sufficient to withstand a Rule 12(b)(6) motion to dismiss.  <u>Id.</u>  And in <u>Gaddis v. Hegler</u>, No. 3:10-CV-249-CWR-LRA, 2011 WL 2111801 (S.D. Miss. 2011), there was evidence that the defendant driver was using her cell phone to make or receive calls or texts at the time of the accident and that "at least some of these distractions caused [her] to drive in excess of the speed limit; caused her not to see two stop light ahead warning signs; caused her to run the red light, which was 'red for more than 10 seconds prior to impact;' and caused her to cross over 'two northbound lanes of Highway 25 ... before the impact occurred.'" <u>Id.</u> at *4.  In contrast to the cited cases, plaintiffs herein allege only that Cole was driving at an inappropriate rate of speed for the circumstances.  There is no allegation that he was distracted, or utterly inattentive, or in any way impaired.

admission of vicarious liability for any negligence of Cole that may have proximately caused or contributed to the accident.

This court recognized in Robinson v. Colucci, No. 3:16CV687TSL-RHW, 2017 WL 11379844 (S.D. Miss. 2017), that not only have the federal courts in this state "long opined that independent, or non-respondeat superior claims against an employer for simple negligence, including claims for negligent entrustment and failure to train and supervise employees, are properly dismissed where vicarious liability is admitted," id. at *2 (citing cases), but recently, in Carothers v. City of Water Valley, No. 2015-CA-01808-COA, 2017 WL 2129701 (Miss. Ct. App. 2017), the Mississippi Court of Appeals, citing Davis v. ROCOR International, No. 3:00-CV-864, 2001 U.S. LEXIS 26216, at *20 (S.D. Miss. Dec. 19, 2001), adopted the same position, concluding that since the employer had conceded liability, there was no basis for allowing the plaintiffs to proceed on direct-liability claims against the employer, Robinson, 2017 WL 11379844, at *5.  See also Clark v. Lard Oil Co., Inc., NO. 2:18-cv-00109-KS-MTP, 2019 WL 5802379, at *3 (S.D. Miss. 2019) ("[U]nder Mississippi law, when an employer admits vicarious liability for the actions of its employee, all direct negligence claims against the employer, such as negligent hiring, training, retention, entrustment, supervision, and maintenance, are due to be dismissed" as redundant) (citing Roberts v. Euanic Express,

No. 2:12-cv-84, 2012 WL 3052838, at *2 (S.D. Miss. July 25, 2012) (explaining that "once an employer has admitted that it is liable for an employee's actions, evidence pertaining only to issues of negligent hiring, entrustment, supervision or maintenance become superfluous and possibly unfairly prejudicial")).  The court is unpersuaded by plaintiffs' arguments for a contrary rule.

The court is also of the opinion, moreover, that plaintiffs' allegations are insufficient to state a claim of direct negligence against H&A in any event.  See Cecil v. Smith, No. 1:13CV201-SA-DAS, 2014 WL 1394360, at *3 (N.D. Miss. 2014) (dismissing direct negligence claims against employer where there was "no factual basis evidencing a reason that DLT failed to exercise due care in the hiring, training, retention, and/or supervision of Smith, or that DLT Trucking breached any duty pursuant to the Federal Motor Carrier Regulations other than Plaintiff's bald assertions.").  Plaintiffs allege that H&A failed to thoroughly investigate Cole's background but do not even intimate what an investigation would have revealed.  They state that he was not properly trained but do not suggest in what way his training was inadequate.  They charge that H&A failed to have or enforce "safety programs or procedures" relating to driver screening or training, and more vaguely, to "management programs and policies"; but these are just

conclusory charges, devoid of factual substance.  The same is true of their allegation that H&A failed to "abide by and strictly comply with all Federal and State Statutes and Regulations, including but not limited to the FMCSR." Plaintiffs offer no facts that would support a direct claim of even simple negligence, much less a claim of gross negligence as would be needed to support a claim for punitive damages.[3]

<u>Plaintiff's Request to Amend</u>

Plaintiffs request that in the event the court concludes their complaint is deficient as to the claims addressed by defendants' motion, the court should allow them to amend their complaint to provide more specific allegations.  Plaintiffs' "request" will be denied.  However, there is nothing to prevent plaintiffs from timely filing a proper motion to amend, accompanied by a proposed amended complaint, in accordance with the Federal Rules of Civil Procedure and this court's local rules.

---

[3]   An employer's admission of vicarious liability does not insulate it against a claim for punitive damages based on its direct gross negligence In hiring, training, supervising and the like.  <u>See</u> <u>Bass</u>, 2014 WL 5107594, at *3 (fact that court has previously dismissed independent simple negligence claims against employer for compensatory damages does not automatically foreclose plaintiffs' punitive damages claims against the employer).  Such claim may not proceed, however, where there are no factual allegations to back it up.

Conclusion

Based on the foregoing, it is ordered that defendants' motion for judgment on the pleadings as to plaintiffs' claims against Cole for punitive damages and their direct liability claims against H&A is granted.

SO ORDERED this 22nd day of July, 2022.


/s/  Tom S. Lee                .
UNITED STATES DISTRICT JUDGE