IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**JAMES COAKLEY AND ANTONYA COAKLEY,** *wife*                              **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 3:22-cv-00251-TSL-LGI**

**ARCHIE FRANLIN COLE, JR. AND**
**HANSEN & ADKINS AUTO TRANSPORT, INC.**                                  **DEFENDANTS**

**ORDER**

Before the Court is *Defendants' Urgent and Necessitous Motion for Medical Examination* [102]. On August 24, 2023, Defendants filed the instant motion, moving this Court for an order compelling Plaintiff James Coakley to submit to two separate independent medical examinations. *Id*. at 3.[1] Specifically, Defendants assert that "[t]he Plaintiffs previously designated two-non-retained medical experts, Dr. Stanley Sims (a chiropractor) and Dr. James Hurt (an orthopedic surgeon). *Id*. at 2 (¶ 2). Defendants submit, "because the Plaintiffs designated two separate physicians to testify as to two wholly different fields, the Defendants anticipate needing to similarly retain two different physicians in two wholly different fields to examine the Plaintiff." *Id*. at (¶ 4). In fact, Defendants argue they "are entitled to more than one medical examination of Plaintiff J. Coakley as a matter of law." Doc. [109] at 1 (¶1). As such, Defendants plan to call an orthopedic surgeon to opine as to causation and treatment, as addressed by Plaintiff's expert orthopedic surgeon, and a physiatrist (expert in physical medicine rehabilitation), to opine as to causation of Plaintiff's injuries, as addressed by Plaintiff's expert chiropractor. *Id*.

Defendants have filed the instant motion as "urgent and necessitous," seeking urgent relief

---

[1] In light of the impending proposed IME date (see below), this Court set an expedited briefing schedule in this matter. *See* Text-only Order, dated 8/24/2023.

to facilitate the requested independent medical examinations. The date of the first scheduled exam is August 30, 2023 with Dr. Chad Hosemann, while the second exam is scheduled for September 28, 2023 with Dr. Howard Katz. *Id*. at 3 (¶ 3). In their motion, Defendants assert they consulted with Plaintiff to schedule both examinations, but Plaintiffs object to having two examinations. *Id*. at (¶6).

In their Response [107], Plaintiffs argue they "never objected to, resisted or obstructed Plaintiff J. Coakley submitting to one (1) Rule 35 Examination." Plaintiffs provide a history of communication with Defendants, wherein they show their efforts to coordinate with Defendants to set the Rule 35(a) exam of James Coakley. *Id*. at 1-4. Plaintiffs contend after some back and forth between the parties, Plaintiffs ultimately agreed to produce Plaintiff James Coakley for a Rule 35(a) Examination by Dr. Hosemann on the proposed August 30th date. *Id*. at 4. However, they oppose two separate medical examinations. *Id*. Plaintiffs argue the instant motion and the events leading up to said motion was an "orchestrat[ion] and manipulat[ion]" by Defendants "to create the false impression that Plaintiffs were being uncooperative regarding scheduling a Rule 35 exam of Plaintiff J. Coakley to support Defendants again requesting the Court to extend the CMO deadlines." *Id*. Plaintiffs contend that the Defendants are not entitled to two Rule 35(a) examinations. Rather, they argue the Plaintiff is only required to submit to one Rule 35(a) examination. *Id*. (Citing Case Management Order [38]).

Federal Rule of Civil Procedure 35(a) provides as follows: The court where the action is pending may order a party whose mental or physical condition–including blood group–is in controversy to submit to a physical or mental examination by a suitable licensed or certified examiner. The Court has the same authority to order a party produce for examination a person who is in its custody or under its legal control. Fed. R. Civ. P. 35(a). "Accordingly, a court may order

an independent medical examination ("IME") when a party's medical condition is in controversy and good cause for the examination has been established. The decision as to whether or not to order an independent medical examination under F.R.C.P. 35(a) rests in the court's sound discretion." *Nathaniel v. Kroger Ltd. P'ship I*, No. 5:15-CV-105-KS-MTP, 2016 WL 3582115, at *1 (S.D. Miss. June 28, 2016) (citing *Glaze v. Bud's Boat Rental, Inc.*, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993); *see also Caca-Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958)); *see also Hardy v. Riser*, 309 F. Supp. 1234, 1241 (N.D. Miss. 1970).

In the instant matter, the Court orders that Plaintiff James Coakley shall appear for a Rule 35(a) examination, as Plaintiff's medical condition is in controversy and good cause for the examination has been established. Indeed, the parties do not dispute that Defendants are entitled to conduct *a* Rule 35(a) examination. The dispute centers on whether Defendants may conduct one examination or two separate examinations. Here, Defendants contend they are entitled to two examinations, because there are separate injuries that warrant different specialists examining the alleged injuries separately. Doc. [109] 2-3. Although Defendants maintain they are entitled to two examinations, they suggest as alternative relief that the Court compel Plaintiff James Coakley's attendance at the examination of Dr. Chad Hosemann, which is currently scheduled for August 30, 2023, "if the Court determines [they] are limited to only one examination . . . ." Doc. [102] at 4 (¶ 9).

In considering whether a second examination is justified, the Court finds *Peters v. Nelson*, 153 F.R.D. 635, 638 (N.D. Iowa 1994) and the examples set forth therein instructive here. "Examples of circumstances in which courts have held sufficient cause existed to justify second examinations include the following: (1) separate injuries calling for examination by distinct medical specialties, *Marshall v. Peters*, 31 F.R.D. 238 (D.C. Ohio 1962); (2) where a physician

3

requires assistance of other consultants before he can render a diagnosis, *Little v. Howey*, 32 F.R.D. 322 (W.D.Mo.1963); (3) where the first examination was not adequate or complete, *Mayer v. Illinois Northern Ry.*, 324 F.2d 154 (7th Cir.1963); *Strasser v. Prudential Ins. Co.*, 1 F.R.D. 125 (W.D.Ky.1939); and (4) where a substantial time lag occurred between the initial examination and trial, *Lewis v. Neighbors Constr. Co.*, 49 F.R.D. 308 (W.D.Mo.1969); *Vopelak v. Williams*, 42 F.R.D. 387 (D.C. Ohio 1967) (collecting cases involving second examinations) (internal citations to footnotes omitted); *See also Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992).

Notably, "Fed.R.Civ.P. 35(a)(2)(A) does not limit the number of independent medical examinations that may be ordered so long as 'good cause' is shown for each exam." *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009) (citing *Peters*, 153 F.R.D. at 637–38). "Good cause" requires a showing of specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. *Id*. (citing *Gaubert v. Mission Resources Corp.*, 2004 WL 877362 (E.D.La.2004). "The number of examinations ordered should be held to the 'minimum necessary considering the party's right to privacy and the need for the court to have accurate information." *Id*. (Citations omitted). "Each request for an independent medical examination must turn on its own facts, and the number of examinations to which a party may be subjected depends solely upon the circumstances underlying the request." *Jackson v. Entergy Operations, Inc.*, No. CIV.A. 96-4111, 1998 WL 28272, at *2 (E.D. La. Jan. 26, 1998).

In weighing the facts of this matter against the examples provided in *Peters* and *Moore* above, the Court finds that the Defendants have not, on the whole, established good cause for the requested second examination:

(1) *Where a physician requires assistance of other consultants before he can render a diagnosis*. Such is not the case here. Defendants have not alleged that either of the

4

proposed physicians require consultations from another practitioner before they can proceed with their medical examination. This example is inapplicable under the facts of this case. Further, this has not been alleged here.

(2) *Where the first examination was not adequate or complete*. This example is inapplicable under the facts of this case, as the first examination has not yet taken place.

(3) *Where a substantial time lag occurred between the initial examination and trial*. This example is inapplicable under the facts of this case, as the first examination has not yet taken place. Further, this has not been alleged here.

(4) *Separate injuries calling for examination by distinct medical specialties.* This example is directly on point with Defendants' request. Defendants argue that "Plaintiff J. Coakley has alleged separate injuries and separate treatment (both past and future) related to different part of his body, warranting different areas of expertise." Doc. [109] at 3 (¶ 6). Defendants seek a Rule 35(a) examination from an orthopedic surgeon, Dr. Chad Hosemann, based on Plaintiff's claims that he suffered injuries to his rotator cuff, wrist joint, and elbow. *Id*. Plaintiffs have designated Dr. Hurt, an orthopedic surgeon to opine to these injuries. *Id*. Defendants seek the second Rule 35(a) examination to obtain expert opinion regarding Plaintiff James Coakley's "alleged back and neck pain like stenosis, cervicalgia, and radicular pain, not within the expertise of an orthopedic surgeon." *Id*. For these injuries, Defendants seek an IME with Dr. Howard Katz, a physiatrist, who they contend "is best suited for a broad IME that will address most comprehensively all of the Plaintiffs' other complaints beyond the orthopedic complaints and mental health allegations." *Id*. at 4 (¶ 8). Defendants acknowledge that Plaintiff James Coakley sought chiropractic care for alleged "back, neck, spine, and

other soft-tissue-type injuries." *Id*. at 2 n. 3.

Here, Defendants have not shown that good cause exists requiring the second requested Rule 35(a) examination, as they have not sufficiently set forth specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere. Furthermore, this Court does not find Defendants' argument persuasive that, "because the Plaintiffs designated two separate physicians to testify as to two wholly different fields, the Defendants . . . need[] to similarly retain two different physicians in two wholly different fields to examine the Plaintiff." Doc. [102] at 2 (¶ 4).

Based on the foregoing analysis, this Court finds that Defendants' request for a second Rule 35(a) examination is not justified at this juncture.

Further, this Court finds that the instant motion constitutes a discovery motion, in that it seeks to compel Plaintiff James Coakley to submit to the requested Rule 35(a) examinations. However, said motion was filed before seeking the required telephone conference with the undersigned. As previously addressed in this Court's Order [105] of August 25, 2023,

> Under the Case Management Order [38], "before a party may serve any discovery motion, counsel must first confer in good faith as required by Fed.R.Civ.P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by Fed.R.Civ.P.16(b)(3)(B). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion." Doc. [38] at 3F.4.

Order [105] at 5-6. (Quoting Case Management Order, Doc. [38] at 3F.4. The parties are directed to adhere to this Court's orders, as it pertains to the procedural rules regarding discovery motions. In the future, the Court shall strike discovery motions for which the parties did not seek a telephonic conference and for which the Court did not grant an express waiver of the telephonic

conference requirement.

IT IS THEREFORE ORDERED that *Defendants' Urgent and Necessitous Motion for Medical Examination* [102] is hereby GRANTED in part, as to the first Rule 35(a) examination with Dr. Hosemann. Plaintiff James Coakley is ordered to appear for the examination with Dr. Chad Hosemann, currently scheduled for August 30, 2023 at 4:00 PM. This Court DENIES Defendants' motion that Plaintiff James Coakley be compelled to submit to a second Rule 35(a) examination.

**SO ORDERED**, this the 29th day of August, 2023.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE