IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES COAKLEY AND WIFE,
ANTONYA COAKLEY                                             PLAINTIFFS

VS.                                    CIVIL  ACTION NO. 3:22-CV-00251-TSL-LGI

ARCHIE FRANKLIN COLE, JR., and
HANSEN & ADKINS AUTO TRANSPORT, INC.                    DEFENDANTS

---

**PLAINTIFFS' MOTION TO DETERMINE  THE SUFFICIENCY OF THE
OBJECTIONS OF DEFENDANT HANSEN & ADKINS AUTO TRANSPORT, INC. TO
PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS**

---

COMES NOW Plaintiffs James and Antonya Coakley ("Plaintiffs"), pursuant to FRCivP. 36(a)(6) and Rule 37 L.U.Civ.R., by and through their attorneys, and they move this Court for an order determining the sufficiency of the objections of Defendant Hansen and Adkins Auto Transport, Inc's. ("Defendant") to Request Nos. 7, 8, 9, 10, 11, 12, and 13 in Plaintiffs' Second Set of Requests For Admissions.

Additionally, Plaintiffs move the Court pursuant to Rule 37 F.R.Civ.P., including but not limited to Rule 37(a)(5) of the FRCivP, for an award of reasonable expenses, including attorney's fees, and for such additional and other sanctions that the Court finds to be proper for the hereinafter described objections lodged by  Defendant to the above-identified Requests for Admissions in Plaintiffs' Second Set of Request for Admissions.

As grounds for this Motion, Plaintiffs will show the following unto the Court, to wit:

1. On February 2, 2024, Plaintiffs served Plaintiffs' Second Requests for Admissions to Defendant (Doc 142).

2. On February 9, 2024, Defendant served the following Response to Plaintiff's Second Requests for Admissions, lodging the following objections, which are insufficient and improper for the following reasons:

**REQUEST FOR ADMISSION NO. 7:**    On May 10, 2022, Defendant H&A denied that the negligence of Defendant Cole caused The Collision in this case in the Answer filed by it in the Circuit Court of the First Judicial District of Hinds County, MS.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:** Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of when liability was ultimately admitted is irrelevant. To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a

liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive damages have been dismissed, the timing of the Defendants' liability is further inadmissible and no longer relevant.

Subject to and without waiving the foregoing objection, admitted.

**REASONS SUPPORTING  MOTION**: The following reasons support that Defendant's objections are insufficient and improper and, therefore, should be stricken:

1. Defendant's initial denial of liability and negligence is admissible evidence at the trial in this matter because Defendant's denial of liability caused Plaintiff James Coakley to experience anger and mental anguish, as shown by his deposition testimony attached as Exhibit 3.

2. An amended or withdrawn pleading is competent evidence of the facts stated therein, like any other extrajudicial admission made by a party.

3.  Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement made by a party that is offered against that party is admissible into evidence as an evidentiary admission.

4.  Rule 403 FRE does not prevent the admissibility of Defendant's initial denial of liability and negligence and subsequent admission of the same.

5.  When a jury is empaneled to decide the issue of damages, the Plaintiffs are entitled to offer evidence regarding historical facts, fleshing out the background of the dispute, elucidating and clarifying certain historical facts which, if unprovided, might trigger unwarranted jury speculation and hamper the Plaintiffs' fair right to tell their story of how they have been hurt and why they have been hurt.

**REQUEST FOR ADMISSION NO. 8:** From May 10, 2022, through and including December 31, 2022, Defendant H&A continued to deny that the negligence of Defendant Cole caused The Collision in this case.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8**: Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of when liability was ultimately admitted is irrelevant.

To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive damages have been dismissed, the timing of the Defendants' liability is further inadmissible and no longer relevant.

Subject to and without waiving the foregoing objection, denied as stated regarding "continued to deny" language.

**<u>REASONS SUPPORTING  MOTION</u>**: The following reasons support that Defendant's objections are insufficient and improper and, therefore, should be stricken:

1.   Defendant's initial denial of liability and negligence is admissible evidence at the trial in this matter because Defendant's denial of liability caused Plaintiff James Coakley to experience anger and mental anguish, as shown by his deposition testimony attached as Exhibit 3.

2.   An amended or withdrawn pleading is competent evidence of the facts stated therein, like any other extrajudicial admission made by a party.

3.   Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement made by a party that is offered against that party is admissible into evidence as an evidentiary admission.

4.    Rule 403 FRE does not prevent the admissibility of Defendant's initial denial of liability and negligence and subsequent admission of the same.

5.   When a jury is empaneled to decide the issue of damages, the Plaintiffs are entitled to offer evidence regarding historical facts, fleshing out the background of the dispute, elucidating and clarifying certain historical facts which, if unprovided,   might trigger unwarranted jury speculation and hamper the Plaintiffs' fair right to tell their story of how they have been hurt and why they have been hurt.

**REQUEST FOR ADMISSION NO. 9**: During the period January 1, 2023 through September 4, 2023, Defendant H&A continued to deny The Collision in this case was caused by the negligence of Defendant Cole.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9**: Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of when liability was ultimately admitted is irrelevant. To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive

damages have been dismissed, the timing of the Defendants' liability is further
inadmissible and no longer relevant.
Subject to and without waiving the foregoing objection, denied as stated regarding
"continued to deny" language.

**REASONS SUPPORTING  MOTION:** The following reasons support that
Defendant's objections are insufficient and improper and, therefore, should be
stricken:

1.   Defendant's initial denial of liability and negligence is admissible
evidence at the trial in this matter because Defendant's denial of
liability caused Plaintiff James Coakley to experience anger and
mental anguish, as shown by his deposition testimony attached as
Exhibit 3.

2.   An amended or withdrawn pleading is competent evidence of the
facts stated therein, like any other extrajudicial admission made by a
party.

3.   Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement
made by a party that is offered against that party is admissible into
evidence as an evidentiary admission.

4.    Rule 403 FRE does not prevent the admissibility of Defendant's
initial denial of liability and negligence and subsequent admission of
the same.

5.   When a jury is empaneled to decide the issue of damages, the
Plaintiffs are entitled to offer evidence regarding historical facts,
fleshing out the background of the dispute, elucidating and clarifying

certain historical facts which, if unprovided,   might trigger

unwarranted jury speculation and hamper the Plaintiffs' fair right to

tell their story of how they have been hurt and why they have been

hurt.

**REQUEST FOR ADMISSION NO. 10:** On September 5, 2023, Defendant

Cole admitted that The Collision in this case was caused by his negligence in

the Motion for Leave to File Amended Answer to Complaint (Doc. 113) filed

by Defendant H&A in the United States District Court Southern District Of

Mississippi Northern Division.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**  Defendant objects

to this Request as it seeks information that is irrelevant for the pending matters

before the Court. Defendant has already admitted his simple negligence was

the sole proximate cause of accident giving rise to the Plaintiffs' alleged

injuries, if any. The only issues pending before the Court are the nature and

extent of damages, if any, caused by the subject accident. Therefore, the timing

of when liability was ultimately admitted is irrelevant. To allow such evidence

would be violative of Rules 401 and 403 of the Federal Rules of Evidence in

that the timing of a liability admission, made during the course of discovery, is

not relevant for damages. Further, accusations that a liability admission was not

made in a timeline acceptable to the Plaintiffs would only serve to unfairly

prejudice the jury and substantially outweighs any nominal probative value the

timing of a liability admission could serve. Further, Defendant objects to this

Request for the implication that the timing from the date of the original filed

answers in this matter through the ultimate liability admission by the

Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive damages have been dismissed, the timing of the Defendants' liability is further inadmissible and no longer relevant.

Subject to and without waiving the foregoing objection, admitted.

**<u>REASONS SUPPORTING  MOTION</u>**: The following reasons support that Defendant's objections are insufficient and improper and, therefore, should be stricken:

1.   Defendant's initial denial of liability and negligence is admissible evidence at the trial in this matter because Defendant's denial of liability caused Plaintiff James Coakley to experience anger and mental anguish, as shown by his deposition testimony attached as Exhibit 3.

2.   An amended or withdrawn pleading is competent evidence of the facts stated therein, like any other extrajudicial admission made by a party.

3.   Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement made by a party that is offered against that party is admissible into evidence as an evidentiary admission.

4.  Rule 403 FRE does not prevent the admissibility of Defendant's initial denial of liability and negligence and subsequent admission of the same.

5.  When a jury is empaneled to decide the issue of damages, the Plaintiffs are entitled to offer evidence regarding historical facts, fleshing out the background of the dispute, elucidating and clarifying certain historical facts which, if unprovided,   might trigger unwarranted jury speculation and hamper the Plaintiffs' fair right to tell their story of how they have been hurt and why they have been hurt.

**REQUEST FOR ADMISSION NO. 11:** September 5, 2023, was the first date on which Defendant Cole admitted that The Collision in this case was caused by his negligence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**: Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of when liability was ultimately admitted is irrelevant. To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to

unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive damages have been dismissed, the timing of the Defendants' liability is further inadmissible and no longer relevant.

Subject to and without waiving the foregoing objection, denied as stated. Admitted September 5, 2023 was the first filing with the Court which admitted liability for the accident.

**<u>REASONS SUPPORTING  MOTION:</u>** The following reasons support that Defendant's objections are insufficient and improper and, therefore, should be stricken:

1.    Defendant's initial denial of liability and negligence is admissible evidence at the trial in this matter because Defendant's denial of liability caused Plaintiff James Coakley to experience anger and mental anguish, as shown by his deposition testimony attached as Exhibit 3.

2.      An amended or withdrawn pleading is competent evidence of the facts stated therein, like any other extrajudicial admission made by a party.

3.      Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement made by a party that is offered against that party is admissible into evidence as an evidentiary admission.

4.      Rule 403 FRE does not prevent the admissibility of Defendant's initial denial of liability and negligence and subsequent admission of the same.

5.      When a jury is empaneled to decide the issue of damages, the Plaintiffs are entitled to offer evidence regarding historical facts, fleshing out the background of the dispute, elucidating and clarifying certain historical facts which, if unprovided,   might trigger unwarranted jury speculation and hamper the Plaintiffs' fair right to tell their story of how they have been hurt and why they have been hurt.

**REQUEST FOR ADMISSION NO. 12**: Defendant H&A, during the period May 10, 2022, through September 4, 2023, denied that the negligence of Defendant Cole caused The Collision in this case.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:** Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court

are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of when liability was ultimately admitted is irrelevant. To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive damages have been dismissed, the timing of the Defendants' liability is further inadmissible and no longer relevant.

Subject to and without waiving the foregoing objection, denied as stated.

Admitted  September 5, 2023 was the first filing with the Court which admitted liability for the accident.

**<u>REASONS SUPPORTING  MOTION</u>**: The following reasons support that Defendant's objections are insufficient and improper and, therefore, should be stricken:

1.    Defendant's initial denial of liability and negligence is admissible
      evidence at the trial in this matter because Defendant's denial of
      liability caused Plaintiff James Coakley to experience anger and
      mental anguish, as shown by his deposition testimony attached as
      Exhibit 3.

2.    An amended or withdrawn pleading is competent evidence of the
      facts stated therein, like any other extrajudicial admission made by a
      party.

3.    Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement
      made by a party that is offered against that party is admissible into
      evidence as an evidentiary admission.

4.    Rule 403 FRE does not prevent the admissibility of Defendant's
      initial denial of liability and negligence and subsequent admission of
      the same.

5.    When a jury is empaneled to decide the issue of damages, the
      Plaintiffs are entitled to offer evidence regarding historical facts,
      fleshing out the background of the dispute, elucidating and
      clarifying certain historical facts which, if unprovided,   might
      trigger unwarranted jury speculation and hamper the Plaintiffs' fair
      right to tell their story of how they have been hurt and why they
      have been hurt.

**REQUEST FOR ADMISSION NO. 13:** In Paragraph 4 of the Answer filed
by Defendant H&A in the Circuit Court of the First Judicial District of Hinds

County, MS., Defendant H&A stated: "Negligent acts of Cole are specifically denied."

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**: Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of when liability was ultimately admitted is irrelevant. To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of

note, because punitive damages have been dismissed, the timing of the

Defendants' liability is further inadmissible and no longer relevant.

Subject to and ithout waiving the foregoing objection, admitted.

**REASONS SUPPORTING  MOTION**: The following reasons support that

Defendant's objections are insufficient and improper and, therefore, should be

stricken:

1.    Defendant's initial denial of liability and negligence is admissible

       evidence at the trial in this matter because Defendant's denial of

       liability caused Plaintiff James Coakley to experience anger and

       mental anguish, as shown by his deposition testimony attached as

       Exhibit 3.

2.    An amended or withdrawn pleading is competent evidence of the

       facts stated therein, like any other extrajudicial admission made by a

       party.

3.    Per Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), a relevant statement

       made by a party that is offered against that party is admissible into

       evidence as an evidentiary admission.

4.    Rule 403 FRE does not prevent the admissibility of Defendant's

       initial denial of liability and negligence and subsequent admission of

       the same.

5.    When a jury is empaneled to decide the issue of damages, the

       Plaintiffs are entitled to offer evidence regarding historical facts,

       fleshing out the background of the dispute, elucidating and

       clarifying certain historical facts which, if unprovided,   might

trigger unwarranted jury speculation and hamper the Plaintiffs' fair

right to tell their story of how they have been hurt and why they

have been hurt.

3. Afterward, on February 13, 2024, Plaintiffs' attorneys sent Defendant's attorneys a good

faith letter regarding the objections lodged by Defendant to Plaintiffs' Second Request

for Admissions per Exhibit 4 attached.

4. Subsequently, on February 14, 2024, attorneys for Plaintiffs and Defendants held a

discovery dispute telephone conference regarding Defendant's objections to Plaintiffs'

Second Requests for Admission to Defendant in accordance with the CMO (Doc. 38).

During said telephone conference, the parties did not resolve the discovery dispute

regarding Defendant's objections to Plaintiffs' Second Request for Admissions.

5. On February 21, 2024, Magistrate Isaac permitted Plaintiffs to file a Motion to Compel

by email dated February 21, 2024 attached as Exhibit 5.

6. Attached in support of this Motion are the following exhibits:

| **Exhibit No.** | **Description** |
|---|---|
| 1. | Defendant Archie Cole's Deposition pages |
| 2. | Defendant Archie Cole's Collision Data Report (Ex. 12 to Archie Cole Deposition) |
| 3. | Plaintiff James Coakley's Deposition pages |
| 4. | 02/13/24 JLW Good faith letter to David Dunbar, Esq. |
| 5. | 02/21/24 email from Magistrate Judge Isaac authorizing filing a motion to determine the sufficiency of Defendants' Objections |
| 6. | Good Faith Certificate per Rule 37 L.U.Civ.R. |

7.  Plaintiffs incorporate by reference their Memorandum in support of this Motion, which will be filed immediately after the filing of this Motion.

**WHEREFORE**, Plaintiffs pray that this Court enters an Order pursuant to Rule 36(a)(6) F.R.Civ.P. and Rule 37 L.U.Civ.R. finding the objections of Defendant to Request Nos. 7, 8, 9, 10, 11, 12, and 13 in Plaintiffs' Second Set of Requests For Admissions to be insufficient and improper and, therefore, should be stricken.

**FURTHER,** Plaintiffs pray that this Court enters an Order pursuant to Rule 37 of the FRCivP, including but not limited to Rule 37(a)(5) of the FRCivP, awarding reasonable expenses, including attorney's fees, and such additional and other sanctions that the Court finds to be proper for the above-identified objections of Defendant to the above-identified Requests for Admissions in  Plaintiffs' Second Set of Request for Admissions.

**RESPECTFULLY SUBMITTED**

JAMES COAKLEY AND ANTONYA COAKLEY, PLAINTIFFS

BY: /s/John L. Walker
JOHN L. WALKER (MSB #6883)
GLORIA J. GREEN (MSB #4989)
**WALKER GROUP, PC**
1410 LIVINGSTON LANE, SUITE A
POST OFFICE BOX 22849
JACKSON, MISSISSIPPI 39225-2849
PHONE: (601) 948-4589
FACSIMILE: (601) 354-2507
jwalker@walkergrouppc.com
ggreen@walkergrouppc.com

ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically forwarded the above and foregoing document via ECF to the following:

David C. Dunbar, Esq.
Christopher Dunnells, Esq.
DUNBARMONROE, PLLC
270 Trace Colony Park, Suite A
Ridgeland, MS 39157

So Certified, this 1st day of March 2024.

\s\ John L. Walker
JOHN L. WALKER