IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES COAKLEY AND WIFE,
ANTONYA COAKLEY                                                                              PLAINTIFFS

VS.                                         CIVIL ACTION NO. 3:22-CV-00251-TSL-LGI

ARCHIE FRANKLIN COLE, JR., and
HANSEN & ADKINS AUTO TRANSPORT, INC.              DEFENDANTS

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO DETERMINE THE SUFFICIENCY OF THE OBJECTIONS OF DEFENDANT HANSEN AND ADKINS AUTO TRANSPORT, INC. TO PLAINTIFFS' SECOND SET OF REQUESTS FOR ADMISSIONS**

COMES NOW Plaintiffs James Coakley and Antonya Coakley ("Plaintiffs"), by and through their attorneys, and file this their Memorandum in Support of Plaintiffs' Motion To Determine The Sufficiency Of The Objections Of Defendant Hansen and Adkins Auto Transport, Inc. To Plaintiffs' Second Set Of Requests For Admissions ("Motion") (Doc 164). In support thereof, Plaintiffs show the following.

**FACTUAL AND PROCEDURAL BACKGROUND**

On January 9, 2019, the date of the collision in this case, Defendant Cole, shortly after the collision in this case, completed a three (3) page collision data report describing the events immediately before the collision (Exhibit 1[1], pages 60 and 61 and Exhibit 2, which is Exhibit 12 marked during Defendant Cole's deposition which is Exhibit 1 to Plaintiffs' Motion). Said report prepared by Defendant Cole clearly showed that the negligence of Defendant Cole solely caused the collision in this case. Yet, on May 10, 2022, 1,219 days after the collision in this case, the

---

[1] "Exhibit" herein refer to the exhibits attached to Plaintiffs Motion (Doc. 164).

Defendant, in its Answer (Doc. 1-3) to Plaintiffs' First Amended Complaint (Doc. 1-1), denied any negligence causing or contributing to the collision in this case. Further, Defendant alleged in its Answer (Doc. 1-3) that the negligence of Plaintiff James Coakley caused the collision in this case.

On May 2, 2023, Plaintiffs took the deposition of Defendant Archie Cole (Doc. 57). Defendant Cole testified that he was unable to identify any negligent acts of Plaintiff James Coakley that caused the collision in this case (Exhibit 1, pages 72-73). Despite Defendant Cole not being able to identify any negligence of Plaintiff James Coakley causing or contributing to the collision in this case, Defendant Cole continued to deny liability and allege that Plaintiff Coakley was guilty of negligence causing the collision in this case.

Subsequently, on September 5, 2023, Defendant filed a Motion to File An Amended Answer admitting simple negligence, 1,700 days after the collision herein, 483 days after initially filing its Answer (Doc. 1-3) denying that he was guilty of any negligence caused in the collision in this case, and 126 days after Defendant Cole admitted on May 2, 2023, during his deposition that he could not describe any negligence committed by Plaintiff James Coakley causing or contributing to the collision in this case,

Defendant's denial of committing any negligence causing the collision and defendant's allegations that the negligence of Plaintiff James Coakley caused the collision caused Plaintiff James Coakley to become angry and suffer mental anguish as shown by the following deposition testimony of Plaintiff James Coakley:

> 23  Q   Mr. Coakley, after this lawsuit -- your
>
> 24      lawsuit was filed and you learned that the defendants
>
> 25      were denying that they were responsible for the

88

1  collision in this case, they denied that they had any

2  liability, what was -- what was your feeling about

3  that?

4     A   Angry.  That's all I'm going to say.  Anger.

5     Q   Why were you angry?

6     A   Because I don't see how you can sit there

7  and deny and don't take responsibilities of your

8  actions when the proof was there.

9         You know, I can see if I hit him or if I

10 made a certain stop in front of him, yeah, you can

11 deny it.  But I'm sitting there, and you're coming at

12 a full rate of speed and hit me.  So, therefore,

13 you're going to deny, it kind of put me in a rage, you

14 know, not holding up on your end of your bargain.  If

15 you're going to be fair, be fair.

16        I don't think you was fair about neglecting

17 to take care of your responsibilities.

18    Q   Does that still continue to bother you?

19    A   Yes, sir.  Because I don't understand why

20 this keep -- why this is from 2019 to 2023.  In a

21 couple of weeks it will be another year.

(Exhibit 3, pages 87 - 88)

On February 2, 2024, Plaintiffs served Plaintiffs' Second Request for Admissions to Defendant (Doc. 142).

On February 9, 2024, Defendant served responses to Plaintiffs' Second Requests for Admissions (Doc. 148). Defendant, in response to all of the Second Requests For Admission, lodged the same in response to each request as shown by Plaintiffs' Motion to Determine the The Sufficiency of the Objections of Defendant Hansen and Adkins Auto Transport, Inc. To Plaintiffs' Second Set of Requests for Admission (Doc. 164).

Afterward, on February 13, 2024, Plaintiffs' attorneys sent Defendant's attorneys a good faith letter regarding the objections lodged by Defendant to Plaintiffs' Second Request for Admissions (Exhibit 4 to Plaintiffs' Motion).

Subsequently, on February 14, 2024, attorneys for Plaintiffs and Defendant held a discovery dispute telephone conference regarding Defendant's objections to Plaintiffs' Second Requests for Admission to Defendant in accordance with the CMO (Doc. 38). During the said telephone conference, the parties did not resolve the discovery dispute regarding Defendant's objections to Plaintiffs' Second Request for Admissions.

After Plaintiffs requested Magistrate Judge Isaac to schedule a telephone discovery dispute conference, Magistrate Judge Isaac, on February 21, 2024, permitted Plaintiffs to file a motion regarding Defendant's objections to Plaintiffs' Second Request for Admissions. (Exhibit 5). Afterward, the attorneys for the parties executed a Good Faith Certificate per Rule 37 L.U.Civ.R. (Exhibit 6).

## ANALYSIS

Defendant filed the same objection to each of the requests in Plaintiffs' Second Request for Admissions. The following summarizes the substance of Defendant's objections:

1. The facts that Plaintiffs' Second Requests for Admissions requested Defendant to admit are not relevant pursuant to Rule 401 FRE and, therefore, not admissible pursuant to Rule 402 FRE.

2. Any relevancy of the facts Plaintiffs' Second Request for Admission requested Defendant to admit is outweighed by them being unduly prejudicial and therefore not admissible pursuant to Rule 403 FRE, and

3. Plaintiffs' filing and litigation of various pretrial motions somehow prevented Defendant from admitting that Defendant was guilty of negligence that caused the collision in this case.

**I.     Plaintiffs' Request for Admissions As To Defendant's Delay of 1,700 Days Before Admitting Negligence and Liability Is Relevant Evidence Pursuant to Rule 401 and Therefore Admissible Pursuant To Rule 402.**

A component of the human damages suffered by Plaintiff James Coakley is the anger and mental anguish sustained by him caused by Defendant's failure to admit for 1,700 days after the collision herein that Defendant was guilty of negligence, which was the sole cause of the collision in this case, as shown by the above-stated deposition testimony of Plaintiff James Coakley (Exhibit 3). Accordingly, requests for admissions of facts about the period of time that Defendant failed to admit being guilty of negligence causing the collision, in this case, is highly relevant pursuant to Rule 401 and therefore admissible pursuant to Rule 402 FRE.

Thus, Defendant's initial denial of negligence causing the collision herein and subsequent delay in admitting the same are admissible evidence as shown by the following legal authority:

> It is well-settled "that a party's assertion of contrary factual positions in the pleadings is not without consequence. A superseded pleading may be offered as evidence rebutting a subsequent contrary assertion. See *Giannone,* 238 F.2d at 547; see also *InterGen,* 344 F.3d at 144-45; 188 LLC, 300 F.3d at 736; Huey, 82 F.3d at 333; *Andrews v. Metro N. Commuter R.R. Co.,* 882 F.2d 705, 707 (2d Cir. 1989); *Raulie v. United States,* 400 F.2d 487, 526 (10th Cir. 1968)." W. *Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank,* 712 F.3d 165, 172-173 (3rd Cir. 2013); *see New Hickory Pizza, Inc. v. TIG Ins. Co.,* 2017 U.S. Dist. LEXIS 142091, *18 (W.D. N.C., August 31, 2017).

> As a general rule the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, assuming of course that the usual tests of relevancy are met. *Raulie v. United States,* 10 Cir., 1968, 400 F.2d 487; *Ross v. Philip Morris &* Company, 8 Cir., 1964, 328 F.2d 3; *Great American Indemnity Company v. Rose,* 5 Cir., 1957, 242 F.2d 269. Borel v. United States Casualty Company, 5 Cir., 1956, 233 F.2d 385.

*Continental Ins. Co. v. Sherman,* 439 F.2d 1294, 1298 (5th Cir. 1971)

In reaching its conclusion regarding the admissibility of superseded pleadings, the Fifth Circuit cited with approval the case of *Kunglig Jarnvagsstyrelsn v. Dexter & Carpenter,* 2 Cir., 32 F.2d 195 (2nd Cir. 1929). In *Kunglig Jarnvagsstyrelsn,* the Court explained, "[w]hen a pleading is amended or withdrawn, the superseded portion ceases to be a conclusive judicial admission; but it still remains as a statement once seriously made by an authorized agent, and as such it is competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." 32 F.2d at 198.

> "Admissions made in superseded pleadings are as a general rule considered to lose their binding force, and to have value only as evidentiary admissions. 3 Moore's Federal Practice & Procedure, P15.08[7] at 15-128 (1982), *citing Borel v. United States Casualty Co.,* 233 F.2d 385, case II (5th Cir.1956). But where, as in this case, the amendment only adds allegations, deleting nothing stated in the prior pleadings, admissions made in the prior pleadings continue to have conclusive effect. *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 601 (5th Cir.1981)." *White v. ARCO/Polymers, Inc.,* 720 F.2d 1391, 139 (5th Cir. 1983).

Even if withdrawn, the statements of fact in a party's pleadings may still be used by the opposite party "by formally introducing in evidence the document containing the desired statement, use it as an admission but subject to contradiction or explanation like any other written admission." *Pullman Co. v. Bullard,* 44 F.2d 347, 348 (5TH Cir. 1930); *see Doss v. Apache Powder Co.,* 430 F.2d 1317, 1323 (5th Cir. 1970. In fact, according to Fed. R.Civ. P. 801(d)(2)(B), (C), and (D), any relevant statement made by a party that is offered against that party is admissible into evidence as

evidentiary admission. *See, e.g., Goode v. City of Southaven,* 2019 U.S. Dist. LEXIS 36828 (N.D. Miss., March 7, 2019). "The Advisory Committee Notes observe that because admissions against a party's interest are received into evidence without many of the technical prerequisites of other evidentiary rules—such as, for example, trustworthiness and personal knowledge—admissibility under this rule should be granted freely.' *Pappas v. Middle Earth Condo. Ass'n,* 963 F.2d 534, 537 (2d Cir. 1992)." *Goode* at 2019 U.S. Dist. LEXIS 36828, *3031. "Furthermore, it has been recognized as an abuse of discretion for a court to deny the entry of a prior pleading into evidence. *See Andrews v. Metro North Commuter R. Co.,* 882 F.2d 705 (2d Cir. 1989)." Gerlac, 1997 U.S. Dist. LEXIS 3097 at *10.

Further, the law is quite clear that superseded pleadings "constitute the admissions of a party-opponent and are admissible in the case in which they were originally filed as well as in any subsequent litigation involving that party. *Contractor Utility Sales Co. v. Certain-Teed Products Corp.,* 638 F.2d 1061, 1084 (7th Cir. 1981); *Raulie v. United States,* 400 F.2d 487, 526 (10th Cir. 1968); D. McCormick, *Handbook of the Law of Evidence* 633-36 (2d ed. 1972). ***A party thus cannot advance one version of the facts in its pleadings, conclude that its interests would be better served by a different version, and amend its pleadings to incorporate that version, safe in the belief that the trier of fact will never learn of the change in stories."*** *United States v. McKeon,* 738 F.2d 26, 31 (2nd Cir. 1984). (Emphasis Added) As explained in *Kunglig Jarnvagsstyrelsen, supra,* 32 F.2d at 198 (2d Cir.), *cert. denied,* 280 U.S. 579, 74 L. Ed. 629, 50 S. Ct. 32 (1929), the pleading is "competent evidence of the facts stated" and may be "considered by the jury in reaching a verdict," *Borel,* 233 F. 2d at 388.

    **II.**    **None of the Facts That Plaintiffs' Second Request for Admissions Request Defendant to Admit Are Inadmissible Pursuant to Rule 403 FRE**

Additionally, Defendant's initial denial of liability and negligence and subsequent admission of the same is not inadmissible pursuant to Rule 403 FRE. Thus, a Plaintiff has the right to offer the initial denial of liability into evidence during a trial to determine the amount of damages after the Defendant admits liability as shown by the following legal authority:

> In *Whitehead v. K Mart Corp.,* 173 F. Supp. 2d 553, 559 (S. D. Miss. 2000), the Fifth Circuit Court of Appeals affirmed the jury's finding of liability but remanded the case to the District Court on the issue of damages. In this "damage-only" case, the District Court allowed liability facts to be submitted to the jury. The Defendant argued that the Court "erred when it submitted a list of facts to the jury showing the basis for the previous jury's finding of liability against the defendant, contending that the list was irrelevant." Whitehead, 173 F. Supp. 2d at 558. The Court, however, rejected the Defendant's argument, reasoning that "no one should expect a damage-only jury to be able to accomplish its task without some evidentiary framework and without some factual backdrop to ease juror concern as to the earlier determination of liability and to reduce juror speculation on these matters." Whitehead, 173 F. Supp. 2d at 559.
>
> "Further, a "damages-only jury" is a mischaracterization; it is a "damages verdict" jury." *Whitehead*, 173 F. Supp. 2d at 560. And, a "damages verdict" jury -- one empaneled to decide the issue of damages on an evidentiary bedrock which, when warranted, might include some historical facts fleshing out the background of the dispute, elucidating and clarifying certain historical facts which, if unprovided, might trigger unwarranted jury speculation and hamper the plaintiffs' fair right to tell their story of how they have been hurt, why they have been hurt, and who hurt them." *Whitehead,* 173 F. Supp. 2d at 560.

As recognized by the Court in *Hollybrook Cottonseed Processing, LLC v. Carver, Inc.*, 2012 U.S. Dist. LEXIS 200607, *40-41 (W.D. La. March 2012)., *citing Whitehead,* evidence showing the basis of the Defendants' liability can be properly admitted in a damages-only trial, as it does not violate Rule 403 of the Federal Rules of Evidence, and the parties should have an opportunity to present to the damage-only jury "whatever evidence... from the liability phase of the trial may be regarded as relevant in any way to the question of damages."

### III. Plaintiffs' Filing And Litigation of Various Pretrial Motions Did Not Cause Defendant's Initial Denial of Liability and Continued Denial of Liability Afterward.

The following sentences in Defendant's objections to Plaintiffs' Second Request for Admissions are mind-boggling and bizarre:

> Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require.

Plaintiffs' Motion (Doc. 126, pages 2-3)

When Defendant filed its answer on May 10, 2022 (Doc 1-3), in which Defendant denied Defendant was guilty of any negligence causing the collision in this case and alleging that Plaintiff was guilty of negligence causing the collision in this case, Plaintiff had not filed any pretrial motions and therefore had not litigated any of the same. Thus, Plaintiff is not responsible for Defendant's initial denial of liability.

Subsequently, Plaintiffs' filing and litigation of various pretrial motions, primarily seeking a Protective Order regarding Plaintiff James Coakley's medical records (incidentally which the Court granted in its August 16, 2023 Order (Doc.97)), did not prevent Defendant for 483 days after initially denying liability in its Answer (Doc. 1-2) from filing a motion to amend its answer to admit liability (Doc. 113), as Defendant finally did on September 5, 2023.

Basically, Defendant's contentions that Plaintiffs' filing and litigating various pretrial motions caused it to initially deny liability and continue to deny liability for 483 days afterward are so ridiculous and outlandish that it is not worthy of any further response. Further said contentions are not worthy of any further response since Defendant fails to explain how Plaintiffs' filing and litigation of their pretrial motions caused it to be unable to admit liability before September 5, 2023, 1,700 days after the collision in this case!

## IV. CONCLUSION

Based on the above, Plaintiffs respectfully submit that the Court should enter an Order granting Plaintiffs' Motion (Doc. 164) and awarding to Plaintiffs all relief requested in Plaintiffs' Motion (Doc. 164).

**WHEREFORE**, Plaintiffs pray that this Court enters an Order pursuant to Rule 36(a)(6) F.R.Civ.P. and Rule 37 L.U.Civ.R. finding the objections of Defendant to Request Nos. 7, 8, 9, 10, 11, 12, 13, and 14 in Plaintiffs' Second Set of Requests For Admissions to be insufficient and improper and, therefore, should be stricken.

**FURTHER,** Plaintiffs pray that this Court enters an Order pursuant to Rule 37 of the FRCivP, including but not limited to Rule 37(a)(5) of the FRCivP, awarding reasonable expenses, including attorney's fees, and such additional and other sanctions that the Court finds to be proper for the above-identified objections of Defendant to the above-identified Requests for Admissions in Plaintiffs' Second Set of Request for Admissions.

**RESPECTFULLY SUBMITTED**

JAMES COAKLEY AND ANTONYA COAKLEY, PLAINTIFFS

BY: /s/John L. Walker
JOHN L. WALKER (MSB #6883)
GLORIA J. GREEN (MSB #4989)
**WALKER GROUP, PC**
1410 LIVINGSTON LANE, SUITE A
POST OFFICE BOX 22849
JACKSON, MISSISSIPPI 39225-2849
PHONE: (601) 948-4589
FACSIMILE: (601) 354-2507
jwalker@walkergrouppc.com
ggreen@walkergrouppc.com

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, I electronically forwarded the above and foregoing document via ECF to the following:

> David C. Dunbar, Esq.
> Christopher Dunnells, Esq.
> DUNBARMONROE, PLLC
> 270 Trace Colony Park, Suite A
> Ridgeland, MS 39157

So Certified, this the 1st day of March, 2024.

\s\ John L. Walker
JOHN L. WALKER
