**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**JAMES COAKLEY AND ANTONYA COAKLEY**                     **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 3:22-cv-00251-TSL-LGI**

**ARCHIE FRANKLIN COLE, JR. AND HANSEN**
**& ADKINS AUTO TRANSPORT, INC.**                              **DEFENDANTS**

## ORDER

Before the Court are several motions, including *Plaintiffs' Motion to Determine the Sufficiency of the Objections of Defendant Archie Franklin Cole, Jr. to Plaintiffs' Second Set of Requests for Admissions* [162], *Plaintiffs' Motion to Determine the Sufficiency of the Objections of Defendant Hansen & Adkins Auto Transport, Inc. to Plaintiff's Second Set of Requests for Admissions* [164], and *Motion to Extend Discovery Deadline* [177], filed by James Coakley and Antonya Coakley, (collectively "Plaintiffs"). Also before the Court is *Defendants' Urgent and Necessitous Motion for Protective Order* [168], filed by Archie Franklin Cole, Jr. and Hansen & Adkins Auto Transport, Inc. (collectively "Defendants").

The Court, having considered the submissions, the record, and relevant law finds that Plaintiffs' Motions [162] and [164] are DENIED and [177] is rendered MOOT, and it finds that Defendants' Motion for Protective Order [168] is GRANTED in part and DENIED in part, as discussed below.

### I.    Relevant Procedural History

On March 13, 2022, Defendants filed a motion for judgment on the pleadings, asserting Plaintiffs' direct negligence claims against H&A were invalid and subject to dismissal under Mississippi law, because vicarious liability had already been admitted by the employer. *See* Doc.

1

[5], Motion for Judgment on the Pleadings. On July 22, 2022, the Court granted Defendants' Motion for Judgment on the Pleadings [5], dismissing the Plaintiffs' direct negligence claims against employer Hansen & Auto Transport ("H&A"), Inc. and also the punitive damages claim against Defendant-driver Archie Franklin Cole ("Cole"). *See* Doc. [35], Order. On September 18, 2023, Defendants filed amended answers, admitting that Defendant Cole was operating a tractor-trailer on behalf of H&A, and that H&A would be liable for the negligent acts, under a theory of *respondeat superior*. *See* Doc. [120] at 3-4; *see also* Doc. [121] at 4. Defendants also admitted that Cole's simple negligence was the sole proximate cause for the accident, but they denied that H&A would be liable for punitive damages. Doc. [120] at 4; Doc. [121] at 4.

On March 1, 2024, Plaintiffs filed the instant *Motion to Determine the Sufficiency of the Objections of Defendant Archie Franklin Cole, Jr. to Plaintiffs' Second Set of Requests for Admissions* [162] and the *Motion to Determine the Sufficiency of the Objections of Defendant Hansen & Adkins Auto Transport, Inc. to Plaintiff's' Second Set of Requests for Admissions* [164]. Defendants have responded in opposition. *See* Doc. [179]. On March 4, 2024, Plaintiff filed a Notice to Take the Rule 30(b)(6) deposition of Defendant H&A. Doc. [166]. Defendants move for protection from the Rule 30(b)(6) deposition. On March 7, 2024, this Court set an expedited briefing schedule on these pending motions and also held the Rule 30(b)(6) deposition in abeyance, pending ruling on the motions. *See* Text-only Order, dated 3/7/2024. The briefing schedule has expired and these motions are now ripe for review. The Court also takes up Plaintiffs' subsequent Motion to Extend Discovery Deadline [177], filed on March 8, 2024.

## DISCUSSION

**A. Motion to Determine the Sufficiency of the Objections of Defendant Cole to Requests for Admission [162] and Motion to Determine the Sufficiency of the Objections of Defendant H&A to Requests for Admission [164];**

Upon review of Plaintiffs' motions [162], [164] and accompanying memoranda [163] and [165], the Court notes that Plaintiffs raise substantially similar substantive arguments in both briefs. Thus, the Court addresses both motions collectively herein, for the sake of efficiency and brevity.

### a. Plaintiffs' Motions [162] and [164]

Plaintiffs challenge the sufficiency of several of Defendants' objections to their second set of Requests for Admission. Doc. [163], [165]. They seek an award of reasonable expenses, including attorney's fees and other sanctions, pursuant to Rule 37 of the Federal Rules of Civil Procedure. *Id*. Plaintiffs contend that Defendants' objections are "insufficient and improper." *Id*. at 2. Plaintiffs assert that Defendants initially denied, via answers, that Cole was guilty of any negligence in the subject collision giving rise to this case, but he also admitted, during his deposition, that he could not describe any negligence by Plaintiff James Coakley that caused or contributed to the collision. Doc. [163], [165] at 2. Plaintiffs argue Cole's initial denial of negligence "caused Plaintiff James Coakley to become angry and suffer mental anguish" during Mr. Coakley's deposition. *Id*. at 2-4.

Plaintiffs submit that on February 2, 2024, they served their Second Requests for Admission to both Cole and H&A, and on February 9, 2024, both Defendants served their responses, wherein they essentially lodged the same response to each request. *Id*. at 4. After a failed telephone conference regarding the parties' dispute over the sufficiency of Cole and H&A's objections, and with permission of the Court, Plaintiffs filed the instant motions. *Id*. Specifically, Plaintiffs point to Requests for Admission Nos. 7, 8, 9, 10, 11, 12, 13, and 14[1] as insufficient. These requests provide the following:

---

[1] The requests for admission to each Defendant are identical, with the exception of No. 14, as this request was only posed to Defendant Cole. *See* Doc. [162] at 17.

3

**REQUEST FOR ADMISSION NO. 7**: On May 10, 2022, Defendant Cole [H&A] denied that his negligence caused The Collision in this case in the Answer filed by him in the Circuit Court of the First Judicial District of Hinds County, MS.

**REQUEST FOR ADMISSION NO. 8**: From May 10, 2022, through and including December 31, 2022, Defendant Cole [H&A] continued to deny that his negligence caused The Collision in this case.

**REQUEST FOR ADMISSION NO. 9**: During the period January 1, 2023, through September 4, 2023, Defendant Cole [H&A] continued to deny that his negligence caused The Collision in this case.

**REQUEST FOR ADMISSION NO. 10:** On September 5, 2023, Defendant Cole [H&A] admitted that The Collision in this case was caused by his negligence in the Motion for Leave to File Amended Answer to Complaint (Doc. 113) filed by Defendant H&A in the United States District Court Southern District Of Mississippi, Northern Division.

**REQUEST FOR ADMISSION NO. 11:** September 5, 2023, was the first date on which Defendant Cole admitted that The Collision in this case was caused by his negligence.

**REQUEST FOR ADMISSION NO. 12**: Defendant Cole [H&A], during the period May 10, 2022, through September 4, 2023, denied that The Collision in this case was caused by his negligence.

**REQUEST FOR ADMISSION NO. 13:** In Paragraph 4 of the Answer filed by Defendant Cole [H&A] in the Circuit Court of the First Judicial District of Hinds County, MS., Defendant H&A stated: "Negligent acts of the Defendant are specifically denied."

**REQUEST FOR ADMISSION NO. 14:** Defendant Cole, during his May 2, 2023 deposition, did not admit that The Collision in this case was caused by his negligence.

Doc. [162] at 2-17; Doc. [164] at 2-17. In response, both Cole and H&A made the following objection to each request for admission, with the exception of a one sentence deviation at the end of each response (provided below).

Defendant objects to this Request as it seeks information that is irrelevant for the pending matters before the Court. Defendant has already admitted his simple negligence was the sole proximate cause of accident giving rise to the Plaintiffs' alleged injuries, if any. The only issues pending before the Court are the nature and extent of damages, if any, caused by the subject accident. Therefore, the timing of

when liability was ultimately admitted is irrelevant. To allow such evidence would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission, made during the course of discovery, is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Further, Defendant objects to this Request for the implication that the timing from the date of the original filed answers in this matter through the ultimate liability admission by the Defendants was a delay caused by or contributed to by the Defendants. Plaintiffs repeatedly made multiple baseless and/or improper allegations for punitive damages and direct negligence which were repeatedly dismissed or disallowed by the Court. Plaintiffs further contributed to additional delay through their stance regarding medical authorizations which, again, the Court had to eventually step in to require. Of note, because punitive damages have been dismissed, the timing of the Defendants' liability is further inadmissible and no longer relevant.

*Id*. The Court notes that all of Defendants' responses contained a one-sentence qualifier at the end of each response. Defendants set forth the following language at the end of each response and objection, accordingly:

> **Request for Admission Nos. 7, 10, 13, and 14**: Subject to and without waiving the foregoing objection, admitted.

> **Request for Admission Nos. 8 and 9**: Subject to and without waiving the foregoing objection, denied as stated regarding "continued to deny" language.

> **Request for Admission Nos. 11 and 12**: Subject to and without waiving the foregoing objection, denied as stated. Admitted September 5, 2023 was the first filing with the Court which admitted liability for the accident.

*Id*.

In response to the objections, Plaintiffs submit that Defendants waited 1,700 days after the subject collision occurred to admit that Cole was guilty of negligence. Doc. [163] at 5. And they argue that their "requests for admissions of facts about the period of time that Defendant[s] failed to admit being guilty of negligence causing the collision, in this case, is highly relevant pursuant to Rule 401 and therefore admissible to Rule 402 FRE." *Id*. Therefore, they contend the Defendant[s]' initial denial of negligence, causing the collision . . . and subsequent delay in

admitting the same are admissible evidence." *Id*. Plaintiffs also submit that "even if withdrawn, the statements of fact in a party's pleading may still be used by the opposite party 'by formally introducing in evidence the document containing the desired statement, use it as an admission but subject to contradiction or explanation like any other written admission." *Id*. at 6 (quoting *Pullman Co. v. Bullard,* 44 F.2d 347, 348 (5th Cir. 1930) (citation omitted)).

Additionally, Plaintiffs assert that the admissions of fact set forth in their second requests for admission are all admissible, pursuant to Rule 403 of the Federal Rules of Evidence. *Id*. at 7. They also contend that Defendants' initial denial of liability, negligence and their subsequent admission of liability are all admissible under Rule 403. *Id*. at 8. Plaintiffs cite to several cases for the proposition that,

> [E]vidence showing the basis of the Defendants' liability can be properly admitted in a damages-only trial, as it does not violate Rule 403 of the Federal Rules of Evidence, and the parties should have an opportunity to present to the damage-only jury "whatever evidence . . . from the liability phase of the trial may be regarded as relevant in any way to the question of damages."

*Id*. at 8.[2] Finally, Plaintiffs contest Defendants' objections, arguing that neither their filing and litigation of various pretrial motions caused them to initially deny liability or continue denying liability. *Id*. at 8-9. Plaintiffs assert their second requests for admission are proper, and they urge this Court to find  that Defendants' objections to Request Nos. 7, 8, 9, 10, 11, 12, 13 and 14 should be stricken as insufficient and improper, pursuant to Rule 36(a)(6) of the Federal Rules of Civil Procedure and under Rule 37 of the Uniform Local Court Rules. *Id*. at 10. Plaintiffs further pray for an award of reasonable expenses, including attorney's fees and sanctions, under Rule 37 of the Federal Rules of Civil Procedure. *Id*.

---

[2] *See* cases cited by Plaintiff in Doc. [164] at 5-8.

**b.  Defendants' Response in Opposition [179]**

Defendants file a collective Response in Opposition to Plaintiffs' Motions to Determine the Sufficiency of the Objections to Plaintiffs' Second Set of Requests for Admission [162] and [164]. *See* Doc. [179]. Defendants acknowledge that they first denied liability; however, they assert "as discovery continued, [they] ultimately obtained enough information to make a liability assessment . . . and sought leave to file amended answers to Plaintiffs' Complaint to admit that Cole's simple negligence was the sole proximate cause of the [subject] accident." Doc. [180] at 1 (citing to Doc. [113], Defendants' Motion to Amend). They request that this Court "take judicial notice of the hundreds of cases every year wherein a defendant denies liability in its initial answer and then later moves to admit liability during the pendency of discovery." *Id*. at 4, n. 5. Further, Defendants note that both their initial answers and their amended answers "explicitly state Cole's "simple negligence was the sole proximate cause of the . . . accident." *Id*. They also contend the cases relied upon by Plaintiffs are not factually analogous to the instant case, and therefore not controlling here. *Id*. at 3-4.

Further, they submit the Plaintiffs sent requests for admission to them, specifically regarding the timing of Defendants' liability admission, which they surmise is Plaintiffs' "improper and inappropriate" strategy to show "that the delay was somehow offensive and improper." *Id*. at 2, n. 1. Defendants contend Plaintiffs have not set forth how the alleged delay is relevant, and they argue Plaintiffs cannot explain how an alleged delay in admitting liability is relevant to Plaintiffs' claims for damages or show any prejudice or damage caused by the timing of Defendants' liability admission. *Id*. at 2-3. They note that this is not a first-party bad faith insurance case. *Id*. at 2.

Defendants argue they rightfully objected to Plaintiffs requests as irrelevant and unduly

prejudicial testimony. *Id*. at 4.  They contend they did not refuse to respond to the requests; "they simply logged formal objections to each before their respective response." *Id*. They point out that they substantively responded to all the requests. *Id*. at 4-5. Defendants submit they are not "arguing that pleadings or party admissions, even withdrawn ones, can *never* be relevant or admissible[,]" rather they are asserting in order for "any pleading to be admissible, it must first still be relevant." *Id*. at 3. (Emphasis in original). They state that their admission of liability is not an attempt to subvert Plaintiffs' ability to reference the accident, and they provide that "Plaintiff James Coakley can certainly testify that an accident occurred." *Id*. at 4.

Defendants also contend Plaintiffs' requests were not sent to elicit substantive answers but to be used to "improperly inflame the jury and prejudice the interests of justice" by shifting jury focus onto the timing of Defendants' admission of liability "rather than rendering a verdict solely on the evidence presented regarding Plaintiffs' alleged damages." *Id*. at 5. This, they contend, violates Federal Rule of Evidence 403, is irrelevant under Federal Rule of Evidence 401, and is outside the scope of discovery of Federal Rule of Civil Procedure 26. *Id*. Therefore, they request that Plaintiffs motions be denied and that their objections be allowed to stand. *Id*.

### c.  Plaintiffs' Rebuttal in Support of Motion [185]

In their Reply, Plaintiffs argue Defendants have "blatantly ignore[d] that Plaintiffs' claims include a component for mental anguish suffered by Plaintiff J. Coakley a result of the Defendants' flat denial of liability where there was no basis to dispute liability." Doc. [186] at 1. Plaintiffs assert the Defendants did not make an unequivocal and full admission of liability. *Id*. at 2. And they argue Defendants attempt to restrict Plaintiffs' case to its claim of simple negligence while simultaneously denying all other grounds. *Id*. at 3. Plaintiffs submit whether their evidence is sufficient to establish liability for Plaintiff James Coakley's claim of mental anguish is ultimately

a question for the jury, not the Defendants. *Id.* Thus, they oppose Defendants argument that the requests are irrelevant. *Id.* Plaintiffs argue they are not required to accept Defendants' admission, but they may insist on proving fact, by being allowed to present to a jury a picture of the events relied upon. *Id.* at 3-4 (citing 31 C.J.S. Evidence § 299, p. 1068; *Parr v. United States 255* F.2d 86, 88 (5th Cir. 1958).

### d. Legal Standard

"When reviewing discovery motions, courts must take into account that discovery rules 'are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials.'" *Benefield v. Lockhart*, No. 115CV00190HSOJCG, 2016 WL 9782114, at *2 (S.D. Miss. Oct. 20, 2016) (quoting *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Finding a just and appropriate balance in the discovery process is thus one of the Court's key responsibilities." *Id.* (quoting *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016) (internal quotations omitted). "It hardly bears repeating that control of discovery is committed to the sound discretion of the trial court. . . ." *Id.* (citations omitted).

Rule 36 of the Federal Rules of Civil Procedure governs requests for admission, particularly "the scope of, and procedures by which, requests for admission may be served and answered." *Id.* at *3. The grounds for objecting to a request must be stated and must make for a valid objection. Fed. R. Civ. P. 36(a)(5). *Id.* (Citations omitted). "Merely stating that an interrogatory or document request is 'overly broad and burdensome,' 'oppressive,' or 'not reasonably calculated to lead to the discovery of admissible evidence,' is not sufficient and the resisting party risks waiving his objections entirely." *Id.* (Citations omitted).

Pursuant to the pertinent subsections of Rule 36, "the grounds for objecting to a request

must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). And as it pertains to the sufficiency of an objection, which is at issue here,

> [u]nless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6). Further, the commentary to the rule provides:

> Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be. The changes made in the rule are designed to serve these purposes more effectively.

*See id.* Notes of Advisory Committee following Rule 36.

### e. Analysis

The Court notes that neither party has pointed to controlling case law regarding whether Defendants' objections should be deemed insufficient and therefore must be stricken. "Indeed, another court has recognized that 'there is very little case law in the Fifth Circuit addressing the sufficiency of responses to requests for admissions.'" *Benefield*, 2016 WL 9782114, at *3 (quoting *Romero-Hernandez v. Alexander*, No. 3:08CV93-M-A, 2009 WL 1809484, at *2 (N.D. Miss. June 24, 2009). Even still, "a court must examine each case in light of its specific facts and circumstances to determine whether a responding party made a reasonable inquiry to determine whether the request should be admitted or denied or if there is insufficient information to permit a definitive response." *Romero-Hernandez*, 2009 WL 1809484, at *2. This Court determines that it need not address the propriety of objecting to and answering requests for admission, because the Court finds that Defendants' responses, as stated, are substantive and proper. All of Defendants'

responses are comprised of specific, non-boilerplate objections, and each response also provides an additional statement –essentially an admission or a qualified denial, without waiving the asserted objections.[3]

Rule 36(a)(4) provides in pertinent part, "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . . and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4). This Court finds that Defendants have sufficiently complied with the rules governing requests for admissions as Defendants' responses specifically admit in part and qualify or deny certain portions. No further answer need be served.

Furthermore, the Court has reviewed the cases cited by Plaintiffs and must point out that Plaintiffs correctly submit that "the pleading of a party made in another action, as well as pleadings in the same action which have been superseded by amendment, withdrawn or dismissed, are admissible as admissions of the pleading party to the facts alleged therein, **assuming of course that the usual tests of relevancy are met**." *Cont'l Ins. Co. of New York v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971) (emphasis added). However, the undersigned finds that the Plaintiffs have fallen short of convincing this Court that Defendants' responses "are insufficient and improper" and necessitate being stricken. As stated above, Defendants make formal objections but also either admit or deny each request, notwithstanding the objection. In their Response [180], Defendants concede that pleadings or party admissions, even when withdrawn, can still be relevant

---

[3]  In response to Requests Nos. 7, 10, 13, and 14, Defendants state their objection and also provide: Subject to and without waiving the foregoing objection, admitted. In response to Requests Nos. 8 and 9, Defendants state their objection and also provide: Subject to and without waiving the foregoing objection, denied as stated regarding "continued to deny" language. In response to Requests Nos. 11 and 12, Defendants state their objection and also provide: Subject to and without waiving the foregoing objection, denied as stated. Admitted September 5, 2023 was the first filing with the Court which admitted liability for the accident. *See supra* (quoting Doc. [162] at 2-17 and Doc. [164] at 2-17).

or admissible. They simply challenge the relevance of the requests, pursuant to the test set forth in Rules 401 and 403 of the Federal Rules of Evidence. *See* Doc. [180] at 3. Despite Defendants' substantive responses, which include specific objections pursuant to Rules 401 and 403, this Court's decision is not based in a finding that Defendants' initial Answer should be excluded as irrelevant, as such a finding is an extraordinary measure. However, this Court merely determines that Defendants' responses to the subject requests for admission are sufficient and meet the requirements of Rule 36. Plaintiffs are not prohibited from raising their evidentiary contention, as to Rules 401 and 403 - admissibility and relevancy, at a later juncture.

The undersigned posits that today's ruling will not change Plaintiffs' position or hamper their ability to reassert, in future pretrial motions, the evidentiary issues related to their assertion that the timeline of Defendants' denial of liability is admissible and relevant. This Court anticipates the parties will file later motions in furtherance of their evidentiary arguments, which would then be decided by the District Judge ahead of the trial in this matter.  This Court is also aware of the notes of Advisory Committee on Rules following Rule 36(b) which states:

> Provision is made for withdrawal or amendment of an admission. This provision emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.

*Dukes v. S.C. Ins. Co.*, 590 F. Supp. 1166, 1168 (S.D. Miss. 1984), aff'd, 770 F.2d 545 (5th Cir. 1985).

In accordance with the foregoing, this Court finds that Defendants have sufficiently complied with the rules governing requests for admission, and therefore, Plaintiffs' motions to determine the sufficiency of Defendants' objections are hereby resolved and denied as to the request for an award of reasonable expenses, attorney's fees and other sanctions.

**B. Motion for Protective Order [168]**

    **a. Legal Standard**

Rule 26(b)(1) provides that information is within the scope of discovery if it is not privileged, relevant, and proportional to the needs of the case:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Meanwhile, Rule 26(c) empowers the Court to control the procedure for obtaining discoverable information. *Saucier*, 2014 WL 12906612, at *1. Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of Protective Orders in discovery. The pertinent portion of Rule 26(c) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . (C) prescribing a discovery method other than the one selected by the party seeking discovery; (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters. . . .

Fed. R. Civ. P. 26 (c).

As noted in the rule, an order of protection requires the moving party to establish *good cause* that such an order will protect the party from annoyance, embarrassment, oppression, or undue burden or expense. *Id*. (emphasis added). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Vertex Aerospace, LLC v. Womble Bond Dickinson, LLP*, No. 3:09-cv-

13

00704-HTW-LGI, 2022 WL 1908911, at *2 (S.D. Miss. Apr. 26, 2022) (quoting *Cazaubon v. MR Precious Metals*, LLC, 14-2241, 2015 U.S. Dist. LEXIS 107923, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (citation omitted)). "The trial court enjoys wide discretion in setting the parameters of a protective order." *Id*. (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). "Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference." *Id*. (citing Fed. R. Civ. P. 26(c)(1)).

Furthermore, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Id*. Rule 26(b)(1) specifies that "[i]nformation within this scope of discovery need not be admissible in evidence to be discovered." *Id*. at *1. "Rule 26(b)(1) also specifies that discovery must be 'proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Id*. Even more, "under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).'" *Id*. at *2 (citing Fed. R. Civ. P. 26(b)(2)(C)).

Finally, Rule 37 provides that "an evasive or incomplete disclosure, answer, or response

must be treated as a failure to disclose, answer, or respond" and it authorizes the Court to issue an Order compelling the production of such information. Fed. R. Civ. P. 37(a)(4).

### b. Discussion

On February 1, 2024, Plaintiffs filed a Notice to Take Rule 30(b)(6) Deposition of Defendant H&A [141], but they did not set forth a date/time for the deposition. On February 9, 2024, Defendants filed an Objection to the Notice of Deposition [149]. On March 4, 2024, Plaintiff filed another Notice to Take the Rule 30(b)(6) deposition of Defendant H&A, this time setting the corporate deposition for March 15, 2024. Doc. [166]. Defendants file the instant Motion for Protective Order [168], seeking protection from the requested deposition.

Defendants restate the following procedural history of this case:

> H&A has admitted that Cole was acting in the course and scope of his employment with H&A at all relevant times in the Plaintiffs' Complaint and that Cole's simple negligence was the sole proximate cause of the accident. [ECF Doc. 121, H&A Amended Answer, at p. 4]. The Plaintiffs claims for direct negligence against H&A for negligent hiring, training, supervision, qualification, and retention, as well as the Plaintiffs' claims for punitive damages, have all been dismissed by prior Court Order and re-allegation of those same claims has been denied. [ECF Doc. 35, Order on Motion for Judgment on the Pleadings, ECF Doc. 98, Order on Motion for Leave to Amend]. Therefore, the matters currently pending before the Court are limited to the nature and extent of the Plaintiffs' alleged damages, if any, proximately caused by the January 9, 2019 accident.

Doc. [169] at 1.

Despite the procedural progression, Defendants argue that the Plaintiffs have repeatedly attempted to obtain inadmissible discovery and are seeking the subject Rule 30(b)(6) deposition, for the purpose of burdening the Defendants and potentially inflaming the jury. Doc. [169] at 2. They contend that "producing a corporate representative for the Plaintiffs' irrelevant areas of inquiry would be unduly burdensome." *Id*. at 2. It is Defendants' position that the requested discovery is irrelevant, insufficient to establish good cause, and also outside of the scope of

discovery under Rule 26 of the Federal Rules of Civil Procedure. *Id*. at 2, 9. Thus, Defendants seek protection from producing "a deponent for a completely unnecessary deposition." *Id*. at 9. In their Motion, Defendants also set forth the additional/alternative argument that because Plaintiffs unilaterally selected a date for the Rule 30(b)(6) deposition and filed the notice without first conferring with defense counsel, the deposition should not be permitted to go forward. *Id*. Defendants claim they are unavailable for the scheduled date, and they request that Plaintiffs be directed to obtain a mutually agreeable date and time for the proposed deposition. *Id*.

Plaintiffs filed a Response in Opposition [181] and an accompanying Memorandum in Support [182], wherein they set forth specific opposition to Defendants' motion for protection from the proposed deposition topics, and they  modify and/or withdraw several topics. Plaintiffs also contend that H&A believes that its late admission of simple negligence somehow cuts the Plaintiff off from conducting any further discovery. Doc. [182] at 1. Plaintiffs submit that H&A continues to admit simple negligence while still denying "Plaintiffs . . . suffer[ed] any injuries because of the collision herein, and [that H&A] are not liable to Plaintiffs for damages in any amount, no one red cent!" *Id*. at 2. Plaintiffs call this an "outrageous position," and contend that Defendants cannot establish good cause for a protective order. *Id*. at 3. Plaintiffs assert that throughout these proceedings, Defendants have attempted to broadly exclude any evidence . . . beyond a simple description that the accident occurred. . . ." *Id*. Plaintiffs argue that Defendants' admission of simple negligence does not preclude Plaintiffs from showing how the accident happened. *Id*. They assert that a "jury deciding only the issues of damages can hear background facts of a dispute as well as details as to how and why a plaintiff was hurt," and they submit that such evidence is more probative than prejudicial and survives a Federal Rule of Evidence Rule 403 analysis. *Id*. (case citations omitted). Plaintiffs ask this Court to deny the instant motion for

protection, as they assert, they are entitled to conduct discovery on the areas of inquiry during a

Rule 30(b)(6) deposition of H&A and based on the Affirmative Defenses and Denial set forth in

H&A's Amended Answer. *Id*. at 4-5.

### c.   Analysis

Defendants file a Reply [183], setting forth the following responses in support of their

motion for protective order and further disputing other claims made against them in Plaintiffs'

response.

**Topic No. 1** - Withdrawn. Plaintiffs accept Defendants' stipulation of authenticity of documents
produced by it and, based on the same, withdraw this topic. Doc. [181] at 3.

**Topic No. 2 - Regarding Defendant H&A's answers to Plaintiffs' interrogatories, the
completeness, and a discussion and explanation of them.** ECF Doc. 166, *Ps' 30(b)(6) Notice,*
at p. 2.

> **Plaintiff's Modification**: Plaintiffs limit the questions under this Topic to Interrogatories
> 1 and 2 only. Doc. [181] at 3.

> **Defendants' Response**: Plaintiffs have now properly limited this topic to only two
> Interrogatories so H&A is finally in a position to more specifically address objections with
> this topic. ECF Doc. 181, Ps' Resp., at p. 3. As such, these two Interrogatories – numbers
> one and two – discuss numerous issues (such as the purchase date/price of the H&A's
> tractor and trailer) are not relevant to the issues of the  Plaintiffs' damages. *See* Exhibit
> "A," H&A's Resp. to INT, at pp. 1-4. H&A has provided the length of the tractor and
> trailer, as well as the VIN for the tractor wherein other specifications (such as weight,
> height, etc.) are publicly available. The Plaintiffs' expert designation passed on June 26,
> 2023. See Text-Only Order dated June 20, 2023. This topic only serves to burden and
> harass H&A regarding completely irrelevant and inadmissible information and thus an
> order of protection is required. Doc. [183] at 1-2.

\*Court's Ruling: Although this Court finds that the information sought in Topic No. 2 is relevant

to the issues in this case, the Court must determine whether the request as stated is overly broad or

disproportionate to the needs of the case. To determine whether the information sought in Topic

No. 2 is proportional to the needs of the case, the Court considers the factors set forth in Rule

26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the

parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic No. 2, as modified, is sufficiently tailored to the important issues at stake in this matter. The Court notes that Plaintiffs previously served Interrogatory Nos. 1 and 2 on Defendants, but Defendants logged multiple objections and only provided substantive responses to some of the subsections of these two interrogatories. Although the Court finds that the information sought is not unduly burdensome and that the inquiry is both relevant and proportional to the needs of the case, the Court concludes that the appropriate method for Plaintiff to obtain the information sought is through the supplementation of written discovery responses. Upon review of the subject interrogatories, the Court finds that Defendants' responses to Interrogatory Nos. 1 and 2 are incomplete, and therefore, Defendants are ordered to supplement their responses.

This Court orders Defendants to supplement their responses to Interrogatory Nos. 1 and 2. Defendants are ordered to fully respond to the interrogatories as requested in Topic 2.

Defendants are ordered to supplement their discovery responses to Interrogatory Nos. 1 and 2 in accordance with this order, within the next seven (7) days, or no later than April 1, 2024.

Defendants' motion for protection is GRANTED IN PART, as to Topic 2.

**Topic No. 3** – Withdrawn. Plaintiffs accept Defendants' stipulation of the authenticity of documents produced by it and, based on the same, withdraw this topic. Doc. [181] at 3.

**Topic No. 4 - Facts and documents believed to be supportive of the allegations contained in all of the answers filed by Defendant H&A in this case.** ECF Doc. 166, *Ps' 30(b)(6) Notice,* at p. 2. Regarding Topic 4 of Plaintiffs' 30(b)(6) Notice (Doc. 166) as to the allegations in Defendant H&A's Amended Answer, Defendant H&A in its Amended Answer (Doc.121) asserted

Affirmative Defenses 1-10 and Plaintiffs are entitled to question regarding facts, documents, etc. it contends support the following said Affirmative Defenses. Doc. [181] at 4-6.

Defendant H&A, in its Amended Answer (Doc.121), denied the allegations in Paragraph 4 of Plaintiffs' Complaint (Doc. 1-1) and Plaintiffs are entitled to question Defendant H&A regarding facts, documents, etc., it contends supports its denials. *Id.* at 6-7.

Defendant H&A, in its Amended Answer (Doc.121 ), denied the allegations in Paragraphs 13, 14, and 15 of Plaintiffs' Complaint (Doc. 1-1), and Plaintiffs are entitled to question Defendant H&A regarding facts, documents, etc. it contends supports its denials. *Id.* at 7-8.

> **Defendants' Response**: Plaintiffs contend that they are allowed to question H&A about "facts, documents, etc." it contends support its denials to the Plaintiffs' Complaint and H&A's affirmative defenses. ECF Doc. 181, *Ps' Resp.,* at p. 7. This is clearly a façade. Topic 4 explicitly states "all of the answers filed by Defendant H&A." If the Plaintiffs simply wanted to know the factual basis for the Defendants' contentions: 1) the Plaintiffs could have provided a contention interrogatory in written discovery (see *PIC Grp., Inc. v. Landocast Insulation, Inc.,* No. 1:09-cv-662-KS-MTP, 2010 WL 4791710 (S.D. Miss. Nov. 18, 2010)), and 2) the Plaintiffs would not specify "all of the answers."

Despite the Plaintiffs' labeling this proposed area of inquiry as an effort to learn facts supporting the Defendants' contentions, the Plaintiffs' reference "all of the answers" is an obvious attempt to obtain information regarding the timing of the Defendants' liability admission. See ECF Doc. 163, *Ps' Memo. to Motion re: RFAs*. This is abundantly clear when the Plaintiffs have repeatedly asserted information related "to Defendants' delay of 1,700 days before admitting negligence and liability is relevant evidence" in this case. ECF Doc. 165, *Ps' Memo. to RFA Motion,* at p. 5. The Plaintiffs' response brief, along with their original 30(b)(6) notice, should be viewed in the context not of a random 30(b)(6) deposition of a corporate defendant in any case, but rather in light of the myriad of the Plaintiffs' recent briefing attempting to delve into the timing and nature of the Defendants' liability admission.

With this context, it is important to reiterate that allowing evidence related to when a defendant admitted liability for an underlying accident (*while discovery is ongoing*) would be violative of Rules 401 and 403 of the Federal Rules of Evidence in that the timing of a liability admission is not relevant for damages. Further, accusations that a liability admission was not made in a timeline acceptable to the Plaintiffs would only serve to unfairly prejudice the jury and substantially outweighs any nominal probative value the timing of a liability admission could serve. Even in the Plaintiffs' eleven-page briefing related to the Plaintiffs' requests for admission seeking information regarding this same proposed area of inquiry, the Plaintiffs decline to identify specifically how this information (that is, information regarding how, when, and why the Defendants ultimately admitted to causing the underlying accident) is relevant for the Plaintiffs' claims for damages. Put simply, they have not supported the relevance or need for this requested discovery, but it is not relevant and is not needed, and they know that.

19

Additionally, because liability for the underlying accident has been admitted, as stated above, the only remaining matters at issue are the nature and extent of the Plaintiffs' alleged damages, if any. Specifically, the only relevant facts in litigation are the nature and extent of the Plaintiffs' alleged injuries and any causal connection, if any, to the underlying accident. Therefore, this proposed area of inquiry seeks improper expert opinions from a representative from H&A. The Defendants have produced numerous expert reports from medical doctors who have rendered conclusions about the nature, extent, and causal relation of the Plaintiffs' injuries to the accident giving rise to the Plaintiffs' Complaint. Defendants adopt, incorporate by reference, and direct Plaintiffs to the initial and all supplemental reports from the Defendants' medical experts, Drs. Hosemann and Katz, whose reports contain the factual basis and material relied upon in rendering each doctor's respective conclusions. If the Plaintiffs have questions regarding the defense experts' opinions on the nature of the Plaintiffs' injuries and whether they were caused by the subject accident, the Plaintiffs should depose those medical experts, not a truck company. Doc. [183] at 2-4.

*Courts' Ruling: Although this Court finds that the information sought in Topic No. 4 is relevant to the issues in this case, the Court must determine whether the request as stated is overly broad or disproportionate to the needs of the case. To determine whether the information sought in Topic No. 4 is proportional to the needs of the case, the Court considers the factors set forth in Rule 26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic No. 4 is sufficiently tailored to the important issues at stake in this matter. While this inquiry initially appears broad and overly burdensome, the ambiguity of the information sought is removed upon reading Plaintiffs' Response at Doc. [181] pages 4-8. The Court finds that the information sought is neither unduly burdensome nor disproportionate to the needs of the case. The Court will allow the limited corporate deposition of H&A's representative, as to this topic, with the

limitations set forth in full below. Defendants are hereby ordered to designate a corporate representative capable of providing the information sought in Topic No. 4 of the Notice of Deposition, and to produce said person for deposition.

Defendants' motion for protection is DENIED, as to Topic 4.

**Topic No. 5 - Regarding the deposition testimony of Defendant Cole, any parts of it as to which Defendant H&A either disputes and/or questions.** ECF Doc. 166, *Ps' 30(b)(6) Notice,* at p. 2. Regarding Topic 5 of Plaintiffs' 30(b)(6) Notice (Doc. 166) as to Defendant Cole's deposition testimony, Plaintiffs are entitled to discover if Defendant H&A disputes, etc., any of Defendant Coles' testimony in order to be prepared to confront said disputed testimony at trial. Doc. [181] at 8.

> **Defendants' Response**: This proposed area of inquiry, like number four above, is consistent with the requests for admission propounded by the Plaintiffs addressed in their motions at Docket 162 & 164. Plaintiffs are simply trying to gain information to argue that the Defendants did not admit liability for causing the underlying accident in a timeline sufficient to the Plaintiffs. This is irrelevant, inadmissible, not discoverable, and should not be allowed. It does not matter what portions of Cole's deposition H&A may disagree with, if any. What matters is that H&A has admitted that Cole was operating within the course and scope of his employment with H&A and H&A is liable for (only those) damages proximately caused by Cole's negligence. That is all – nothing less, but certainly nothing more. Doc. [183] at 4-5.

*Court's Ruling: Although this Court finds that the information sought in Topic No. 5 is relevant to the issues in this case, the Court must determine whether the request as stated is overly broad or disproportionate to the needs of the case. To determine whether the information sought in Topic No. 5 is proportional to the needs of the case, the Court considers the factors set forth in Rule 26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic No. 5 is not sufficiently tailored to the important issues at stake in this matter. The Court finds that

the information sought is not proportionate to the needs of the case. The Court orders that Defendants' response and/or objection, provided in response to this inquiry shall stand and no further inquiry on Topic 5, or any response to same shall be necessary.

Defendants' motion for protection is GRANTED as to Topic 5.

**Topic No. 6 - H&A's printed and/or verbal communications, discussions of any type, and/or transfer of information in any manner with Whitlock & Associates, Chris Whitlock, and Wendell Hutchinson regarding their surveillance and investigations of Plaintiffs.** ECF Doc. 166, *Ps' 30(b)(6) Notice,* at p. 2.  Regarding Topics 6 and 7 of Plaintiffs' 30(b)(6) Notice (Doc. 166) as to Defendant H&A's knowledge, position, interpretation, etc., regarding the surveillance conducted of Plaintiffs is entitled to conduct discovery to learn potential testimony that Defendant H&A may give about these matters at trial. Doc. [181] at 8.

> **Defendants' Response**: While the Defendants do not concede that the information requested in the Plaintiffs' sixth proposed area of inquiry is relevant to the pending issues in dispute in this case, H&A previously affirmatively stated it did not have any printed or verbal communication with the named individuals in this proposed area of inquiry beyond sending a paper check as payment for services rendered. Upon information and belief, all further communication, if any, was conducted by undersigned counsel for the Defendants. Therefore, H&A has no individual with information responsive to this request. The information identified is also protected by the attorney work-product doctrine and therefore not discoverable.
>
> Plaintiffs argue they are "entitled to conduct discovery to learn potential testimony that H&A may give about these matters at trial." ECF Doc. 181, *Ps' Resp.,* at p. 8. Defendants intend on filing a motion *in limine* shortly to exclude all testimony and questioning from the Plaintiffs regarding the decision to conduct video surveillance of the Plaintiffs as being irrelevant and unduly prejudicial. Consistent with the same, H&A has no intention of testifying itself2 about video surveillance conducted of the Plaintiffs so long as Plaintiffs do not intend to argue to the jury (via direct argument in *voir dire*, opening statements, and closing arguments, or via indirect implication through questioning of witnesses) that the decision to conduct video surveillance of the Plaintiffs is somehow "offensive" or improper. Doc. [183] at 5-6.

*Court's Ruling: Although this Court finds that the information sought in Topic No. 6 is relevant to the issues in this case, the Court must determine whether the request as stated is overly broad or disproportionate to the needs of the case. To determine whether the information sought in Topic No. 6 is proportional to the needs of the case, the Court considers the factors set forth in Rule 26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the

parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the

discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery

outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within

this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic

No. 6 is proportionate to the needs of this case and sufficiently tailored to the important issues at

stake in this matter. However, the Court finds that Defendants' response/objection, as stated, is

sufficient and that Defendants' response and/or objection, provided in response to this inquiry,

shall stand and no further inquiry on Topic 6, or any response to same shall be necessary.

Defendants' motion for protection is GRANTED as to Topic 6.

**Topic No. 7** - **H&A's printed and/or verbal communications, discussions of any type, and/or transfer of information in any manner with any person and/entity, [sic] except their attorneys, about the surveillance and investigations of Plaintiffs by Whitlock & Associates, Chris Whitlock, and Wendell Hutchinson.** ECF Doc. 166, *Ps' 30(b)(6) Notice,* at p. 2. Regarding Topics 6 and 7 of Plaintiffs' 30(b)(6) Notice (Doc. 166) as to Defendant H&A's knowledge, position, interpretation, etc., regarding the surveillance conducted of Plaintiffs is entitled to conduct discovery to learn potential testimony that Defendant H&A may give about these matters at trial. Doc. [181] at 8.

**Defendants Response**: Defendants adopt and incorporate by reference their response to area of inquiry number six above as if fully stated herein. Doc. [183] at 5-6.

*<u>Court's Ruling</u>: Although this Court finds that the information sought in Topic No. 7 is relevant

to the issues in this case, the Court must determine whether the request as stated is overly broad or

disproportionate to the needs of the case. To determine whether the information sought in Topic

No. 7 is proportional to the needs of the case, the Court considers the factors set forth in Rule

26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the

parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the

discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery

outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic No. 7 is proportionate to the needs of this case and sufficiently tailored to the important issues at stake in this matter. However, the Court finds that Defendants' response/objection, as stated, is sufficient and that Defendants' response and/or objection, provided in response to this inquiry, shall stand and no further inquiry on Topic 7, or any response to same shall be necessary.

Defendants' motion for protection is GRANTED as to Topic 7.

**Topic No. 8 - Explanation and description of the information and data contained in the following exhibits marked during the Deposition of Defendant Cole: Exhibit 5; Exhibit 6; Exhibit 10; Exhibit 11; and Exhibit 12.** ECF Doc. 166, *Ps' 30(b)(6) Notice,* at p. 2. Regarding Topics 8 and 9 of Plaintiffs' 30(b)(6) Notice (Doc. 166) as to Exhibits 5, 6, 10, and 12 have information about the H&A vehicle involved in the collision before, during and after the collision in case, including but not limited to the speed, weight, etc. of the vehicles involved in the collision which have a bearing on injuries sustained by Plaintiff James Coakley's injuries. Doc. [181] at 8-9.

> **Defendants' Response**: Plaintiffs have withdrawn Exhibit 11 (a report form from the Jackson Police Department) from this list. ECF Doc. 181, *Ps' Resp.,* at p. 4. Plaintiffs argue the remaining documents are relevant to the Plaintiffs' claim for damages because they have "information about the H&A vehicle involved in the collision before, during and after the collision in case [sic] [.]" *Id.* at p. 8. But aside from this conclusory allegation of relevance, Plaintiffs have failed to identify how the specific documents at issue are relevant to the Plaintiffs' claims for damages.[3]
>
> For example, Exhibit 5 are Cole's driver logs. ECF Doc. 168-2, *Documents,* at pp. 1-9. Neither party is alleging any issue related to Cole's drive status or hours of service. Cole's logs have no bearing on Plaintiffs' alleged damages. Exhibit 6 is the "black box" data from Cole's rig, showing speeds leading up to and at the time of the subject accident. *Id.,* at pp. 10-14. But Cole's speed is uncontested and the Defendants have admitted Cole's simple negligence was the sole proximate cause of the underlying accident. Exhibit 10 details load, mileage, and pay information for Cole for the week inclusive of the accident. Plaintiffs have failed to show *any* relevance these documents have to the Plaintiffs' claims for personal injuries in an admitted liability case.
>
> Exhibit 12 is Cole's post-accident statement. This statement arguably has nominal relevance to the Plaintiffs' claims for injuries in that Cole states that "[Mr. Coakley] stated that he had a headache and should be transported to the hospital." *Id.,* at p. 21. A corporate representative from H&A cannot speak to the underlying truth of the statements made by Cole. If this proposed area of inquiry simply seeks confirmation that this signed and dated

statement from Cole is in fact Cole's post-accident statement, then H&A is willing to stipulate to the same and this area of inquiry is not relevant. Doc. [183] at 6-7.

\*<u>Court's Ruling</u>: Although this Court finds that the information sought in Topic No. 8 is relevant to the issues in this case, the Court must determine whether the request as stated is overly broad or disproportionate to the needs of the case. To determine whether the information sought in Topic No. 8 is proportional to the needs of the case, the Court considers the factors set forth in Rule 26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic No. 8, as modified, is sufficiently tailored to the important issues at stake in this matter. The Court will allow the limited corporate deposition of H&A's representative, as to this topic, with the limitations set forth in full below. Defendants are hereby ordered to designate a corporate representative capable of providing the information sought in Topic No. 8 of the Notice of Deposition, and to produce said person for deposition.

Defendants' motion for protection is DENIED, as to Topic 8.

**Topic No. 9 - Regarding Exhibits 11 and 12 marked during the deposition of Defendant Cole, information as to Defendant H&A's knowledge, handling, use, review and distribution of them, including, but not limited to, the following: a) Date received by H&A; b) Name and H&A job title or position of each employee receiving them, date on which Exhibit 11 and/or Exhibit 12 received [sic], and any actions taken by each person in response to the data contained in Exhibit 11 and/or Exhibit 12.** ECF Doc. 166, *Ps' 30(b)(6) Notice,* at p. 2. Regarding Topics 8 and 9 of Plaintiffs' 30(b)(6) Notice (Doc. 166) as to Exhibits 5, 6, 10, and 12 have information about the H&A vehicle involved in the collision before, during and after the collision in case, including but not limited to the speed, weight, etc. of the vehicles involved in the collision which have a bearing on injuries sustained by Plaintiff James Coakley's injuries. Doc. [181] at  8-9.

**Defendants' Response**: In reviewing this proposed area of inquiry combined with the previous, it is again clear what the Plaintiffs are trying to do with this corporate deposition. The Plaintiffs are simply trying to gain information to argue that the Defendants did not admit liability for causing the underlying accident in a timeline sufficient to the Plaintiffs. The Plaintiffs are trying to imply that the Defendants did not admit liability in this lawsuit as quickly as the Plaintiffs would have liked due to the potential timeline of receipt and review of Cole's post-accident statement and review of the accident report. This is irrelevant, inadmissible, not discoverable, and should not be allowed. This Court is likely well aware of hundreds of cases wherein a Defendant initially denies liability in its originally filed answer only for liability to be admitted during the course of discovery. It does not matter why or when such an admission is made, especially absent any prejudice shown to the Plaintiffs from the timing of that admission. What matters is that H&A has admitted that Cole was operating within the course and scope of his employment with H&A and H&A is liable for (only those) damages proximately caused by Cole's negligence. That is all – nothing less, but certainly nothing more. Doc. [183] at 7-8.

*Court's Ruling: Although this Court finds that the information sought in Topic No. 9 is relevant to the issues in this case, the Court must determine whether the request as stated is overly broad or disproportionate to the needs of the case. To determine whether the information sought in Topic No. 8 is proportional to the needs of the case, the Court considers the factors set forth in Rule 26(1): (1) importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. *See* Fed. R. Civ. P. 26(b)(1). The Court notes that information within this scope of discovery need not be admissible in evidence to be discoverable.

After review of the six factors set forth in Rule 26(b)(1), the Court concludes that Topic No. 8, as modified, is sufficiently tailored to the important issues at stake in this matter. The Court finds that the information sought is neither unduly burdensome nor disproportionate to the needs of the case. The Court will allow the limited corporate deposition of H&A's representative, as to this topic, with the limitations set forth in full below. Defendants are hereby ordered to designate a corporate representative capable of providing the information sought in Topic No. 9 of the Notice

of Deposition, and to produce said person for deposition.

Defendants' motion for protection is DENIED, as to Topic 9.

**Topic No. 10** – Withdrawn. Plaintiffs accept Defendants' stipulation of the authenticity of documents produced by it and, based on the same, withdraw this topic. Doc. [181] at 4.

Defendants' motion for protective order is granted in part and denied in part in accordance with the limitations prescribed in this order.

## CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED, that *Plaintiffs' Motion to Determine the Sufficiency of the Objections of Defendant Archie Franklin Cole, Jr. to Plaintiffs' Second Set of Requests for Admission* [162] and *Plaintiffs' Motion to Determine the Sufficiency of the Objections of Defendant Hansen & Adkins Auto Transport, Inc. to Plaintiff's' Second Set of Requests for Admission* [164], are both DENIED.

IT IS FURTHER ORDERED AND ADJUDGED, that *Defendants' Urgent and Necessitous Motion for Protective Order* [168] is GRANTED IN PART and DENIED IN PART, and the Court ORDERS the following relief:

As to Defendant Hansen & Adkins Auto Transport, Inc.:

(1) The motion for protective order, as to Topic 2, is GRANTED IN PART;

(2) The motion for protective order, as to Topic 4, is DENIED;

(3) The motion for protective order, as to Topic 5, is GRANTED;

(4) The motion for protective order, as to Topic 6 is GRANTED;

(5) The motion for protective order, as to Topic 7 is GRANTED;

(6) The motion for protective order, as to Topic 8 is DENIED;

(7) The motion for protective order, as to Topic 9 is DENIED.

Defendants are ordered to supplement their discovery responses to Interrogatory Nos. 1 and 2 in accordance with this order, within the next seven (7) days, or no later than April 1, 2024.

In light of the Court's finding that a limited Rule 30(b)(6) of H&A's corporate representative shall proceed, the Court sets the following limitations on said deposition:

(1) The Rule 30(b)(6) deposition of H&A must be taken via Zoom, as reflected in the Notice(s) of Deposition on file with this Court.

(2) The deposition is limited to the topics approved by the Court herein; specifically, the deposition is limited to topics 4, 8 and 9, as set forth in the Notice of Deposition [166], docketed on March 4, 2024.

(3) The deposition must be completed before the expiration of the discovery deadline, set forth below.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiff's *Motion to Extend Discovery Deadline* [177] is hereby rendered MOOT, as the Court, on its own motion, extends the discovery deadline by two weeks, or through April 8, 2024, to allow parties sufficient time to serve supplemental discovery responses and to conduct the limited Rule 30(b)(6) deposition of Defendant H&A, in accordance with this order. Extension of the discovery deadline necessitates extension of the motion deadline. The motion deadline is hereby extended to April 22, 2024. Parties are reminded that all other deadlines set forth in this case remain in place.

**SO ORDERED** this the 25th day of March 2024.

/s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE